Horace Secor, Jr., et al., Respondents, *v.* Mary J. Clark, as Executrix, etc., Appellant.

F., an attorney, was carrying on an action under an agreement that he was to receive for his services a certain percentage of any recovery; he assigned to plaintiffs an interest of $10,000 in the agreement. The suit was settled and C., defendant's testator, the executor of F., received $25,000 under the agreement. Plaintiffs, with full knowledge of the facts, in consideration of $8,500 paid to them by C., by an instrument under seal, assigned to him all their title and interest in the assignment to them and the moneys to be derived therefrom. In an action thereafter brought to set aside the instrument so executed and to recover the balance of the $10,000, plaintiff's evidence was to the effect that they executed the instrument because they believed C. would use every device to prevent or delay a collection; that it would take some time to recover a judgment against him and they might not then be able to collect, and that the amount was too large to allow its remaining in his possession ; there was no averment or proof of fraud or deception on the part of C. *Held,* the evidence did not show facts constituting duress; and that the action was not maintainable.

Reported below, 22 J. & S. 162.

(Argued October 25, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 3, 1888, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*G. W. Cotterill* for appellant. There was no duress in law or fact; and even if there were, a court of equity has no power to set aside an agreement executed in consequence, especially under the circumstances of this case. (*Atlee* v. *Backhouse*, 3 M. & W. 645; *Hackley* v. *Headley*, 45 Mich. 574; *Mayor, etc.*, v. *Lefferman*, 4 Gill, 425; *Brumagim* v. *Tillinghast*, 18 Cal. 265; *Mays* v. *Cincinnati*, 1 Ohio St. 268; *Harmony* v. *Bingham*, 2 Kern. 99; *Briggs* v. *Boyd*, 56 N. Y. 289; *Skeate* v. *Beale*, 11 Ad. & El. 983; 1 Story on Cont. [4th ed.] 485, §§ 393, 402, 493; 1 Pars. on Cont. [6th ed.] 395.) The assignment by the plaintiffs to the defendant, which is sought to be set aside, is conclusive on its face against them in any possible aspect of the case, the same being under seal. (Smith on Cont. 13; 1 Pars. on Cont. [2d ed.] 354; Story on Cont. § 427; Id. 3, § 6; *Jackson* v. *Wood*, 12 Johns. 76; *Newell* v. *Newell*, 34 Miss. 385; Herman on Estoppel, 710; *Calkins* v. *Long*, 22 Barb. 97; *Torrey* v. *Black*, 58 N. Y. 190; Code Civ. Pro. § 840.) The plaintiffs, after having failed on the question of duress, cannot distort the action and the evidence so as to recover against the decedent Clark, as trustee. (*Torrey* v. *Black*, 58 N. Y. 190; *Clark* v. *Law*, 22 How. Pr. 426.)

*Horace Secor, Jr.*, for respondents. Duress may be exercised when the will has a present, independent power, and the man is conscious of it, but is compelled to act against his will. (*Darley* v. *Darley*, 3 Bradf. 481, 507; *Eadie* v. *Slimmon*, 26 N. Y. 11; *Harmony* v. *Bingham*, 12 id. 111, 117, 118; *Scholey* v. *Mumford*, 60 id. 501, 502; *Howard* v. *France*, 43 id. 593.) Equity presumes against the validity of the assignment, and will avoid the transaction altogether, without

proof, or will throw upon the party standing in this position
\* \* \* the burden of proving the entire fairness of the
transaction. (1 Perry on Trusts, §§ 194, 195, 206, 846 ;
*Brown* v. *Brown*, 40 Hun, 418 ; 1 Story's Eq. Jur. §§ 310–317 ;
*Case* v. *Carroll*, 35 N. Y. 385 ; *Brock* v. *Barnes*, 40 Barb.
521 ; *Comstock* v. *Comstock*, 57 id. 453 ; *In re Smith*, 95 N. Y.
522, 523 ; *Grout* v. *Townsend*, 2 Denio, 236 ; *Allen* v. *Brown*,
44 N. Y. 236.) Plaintiffs having joined in the action they
may be witnesses for each other. (*Ely* v. *Clute*, 19 Hun, 35 ;
*Hill* v. *Alvord*, Id. 77.) Each one of several joint owners or
owners in common of a claim may maintain an action against
the agent who collected the money for his share. (*Allen* v.
*Brown*, 51 Barb. 86 ; 44 N. Y. 228 ; *Soule* v. *Mogg*, 35 Hun,
79 ; 2. Perry on Trusts, § 882 ; Story's Eq. Pl. § 207 ; Code,
§ 1204 ; *Pratt* v. *Elkins*, 80 N. Y. 198 ; *Hilderbrant* v.
*Crawford*, 65 id. 107 ; *Simmons* v. *Havens*, 101 id. 428.)

EARL, J. On the 28th day of March, 1883, Freeman J.
Fithian, a lawyer practicing his profession in the city of New
York, was carrying on an action for the New England Iron
Company against the Metropolitan Elevated Railroad Com-
pany, under a written agreement whereby he was to receive as
compensation for his services a certain percentage of the
recovery in the action ; and thereafter, on the 8th day of
August 1883, he assigned to the plaintiffs, in consideration of
$5,000, an interest of $10,000 in his agreement with the New
England Iron Company. In August, 1884, while the action
was still pending, Fithian died leaving a last will and testament
in which Lemuel B. Clark, the defendant's testator, was named
executor, and he was also the law partner of Fithian. On the
23d day of February, 1886, the action of the Iron Company
against the Elevated Railroad Company was settled for
$250,000 ; and Clark, in his capacity as executor and surviving
partner, received, under the agreement of Fithian with the Iron
Company, the sum of $25,000. Thereafter the plaintiffs, in
consideration of the sum of $8,500 paid to them by Clark sold,
assigned, transferred and set over to him all their right, title and

interest in the assignment executed to them by Fithian, and in all moneys, benefits and advantages to be derived therefrom, by an instrument signed by them under seal. Subsequently, on the fifth day of March, the plaintiffs commenced this action against Clark, to set aside the instrument executed by them and to recover the sum of $1,500, the balance of the $10,000 which they claimed they were entitled to under their agreement with Fithian ; and the allegations in their complaint, upon which they seek to have the assignment declared void are as follows :

" That these plaintiffs, knowing said defendant to be utterly unscrupulous, and believing that he would use every device to prevent or delay the collection of said money by them, and that it would take some time to recover a judgment therefor, and that they might not then be able to collect it, and that the amount was too large to hazard its remaining in the possession of the defendant, thereupon unwillingly executed and delivered said assignment to the defendant, receiving said sum of $8,500."

Upon the trial, substantially, the only evidence to sustain the action was that of the plaintiff Secor, as follows :

" I signed the assignment because I believed that Clark would use every device to prevent or delay the collection of the money ; also because I believed it would take some time to recover a judgment against him for the money, and that after the recovery of a judgment I feared our ability to collect it, and I thought the amount was too large to hazard its remaining with him pending a suit for its collection ; and that, therefore, I unwillingly signed the assignment."

There is no allegation in the complaint, and there was no proof upon the trial of any fraud or deception practiced by Clark in procuring the assignment from the plaintiffs. At the time they executed it they knew all about the facts, and the substance of their claim is that they took the $8,500 for fear they would not be able to collect the $10,000, or might be delayed in collecting it, or might be subjected to expense in collecting it. Such things do not constitute duress within any

authority to be found in the books, and do not entitle the plaintiffs to any relief. Two of them were lawyers, all of them competent business men, understanding their rights and able to defend and enforce them. There was nothing so peculiar in their position, or in the position of Clark, as to give them any stronger or better claim for relief than any creditor would have who compromises a claim against his debtor for fear that he would be subjected to expense, delay and risk in enforcing payment thereof. The case is so clear and free from doubt that it would be a waste of time to cite or comment upon the authorities.

We find no errors in the rulings of the trial judge, and the order of the General Term should, therefore, be reversed, and the judgment of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.