to a police station, where Tynan preferred a charge of disorderly. conduct against him, whereupon the plaintiff paid the additional 10 cents, and was released.

On the trial, after the opening of the case, at the close of the plaintiff's testimony, and before the submission of the case to the jury, the defendants moved to dismiss the action, upon the ground that there was no evidence that the arrest complained of was unlawful, which motion was denied. We think the trial justice erred. The plaintiff had a right to combine the two causes of action—one for malicious prosecution, and another for false imprisonment—in one complaint. Marks v. Townsend, 97 N. Y. 590. But at the trial the plaintiff declared that the action was for false imprisonment only. It is well settled that the action for false imprisonment can only be maintained where the arrest was unlawful, and without authority of law. Cunningham v. Electric Light Co. (Super. N. Y.) 17 N. Y. Supp. 372. As far as the complaint and evidence show, the arrest was lawfully effected.

Without considering any of the other questions raised, the judgment appealed from must be reversed, and a new trial granted, with costs to the appellants to abide the event.

---

(13 Misc. Rep. 320.)

## DAY v. STUDEBAKER BROS. MANUF'G CO.

(City Court of New York, General Term. June 25, 1895.)

DURESS—WHAT CONSTITUTES.

> Plaintiff, while in the employ of defendant corporation, had a dispute with it as to the ownership of certain money. An officer of defendant told plaintiff, unless he paid over the money, he would be discharged. Afterwards plaintiff credited defendant with the money. *Held* not a payment under duress.

Appeal from trial term.

Action by Joseph F. Day against the Studebaker Bros. Manufacturing Company. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN WYCK, CONLAN, and NEWBURGER, JJ.

Ver Pank & Young, for appellant.

Burr & De Lacy, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. This action was brought to recover back the sum of $300 claimed to have been paid to the defendant under duress. The evidence shows that about August, 1891, the defendant corporation was engaged in manufacturing carriages in South Bend, Ind. The plaintiff was in its employ, with an office in the city of New York. About October of that year, the plaintiff went to South Bend, where he had a conversation with an officer of the defendant, in which it was claimed that plaintiff had received $500 which belonged to the defendant. This claim was resisted by the plaintiff, who claimed the money belonged to him. Plaintiff also testified that he was given to under-

stand that his services would not be needed by the defendant unless he paid over this money. After some further talk, it was agreed that $300 should be turned or paid over to defendant, instead of the $500 originally claimed, and which sum plaintiff transferred to the credit of the defendant on his return to New York.

Assuming the money to belong to the plaintiff, this action cannot be maintained. The payment of the money after his return was purely a matter of business policy, and lacked every essential element of duress. The defendant was under no obligation to retain the services of the plaintiff, and, if plaintiff saw fit to pay $300 as the price of his retention in the employ of the defendant, he is bound by his bargain. It might with equal force be urged that if defendant had informed plaintiff that, unless he consented to take less salary than he was getting, he would be discharged, and plaintiff, desirous of retaining his place, consented, he could subsequently recover his original salary. Such a proposition could not be entertained for a moment. The money was transferred to defendant after plaintiff's return to New York, and after ample opportunity to realize what he was doing, and without any fraud or deception on the part of the defendant. Where a party threatens to do only what he has a legal right to do, there can be no duress. 6 Am. & Eng. Enc. Law, p. 71; Secor v. Clark, 117 N. Y. 350, 22 N. E. 754; Barrett v. Webb, 125 N. Y. 18–25, 25 N. E. 1068; Doyle v. Rector, etc., 133 N. Y. 372, 31 N. E. 221. It follows that the plaintiff is without relief, and that the defendant's motion at the close of the plaintiff's case should have been granted.

Judgment reversed, and a new trial ordered, with costs to abide the event. All concur.