EDWARD C. JONES COMPANY, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Respondent.

*Sale of bonds — statutory provision that they be not sold "for less than par and accrued interest" — delay in their delivery — interest properly demanded for the time of such delay — usage not considered.*

Under an advertisement issued by a board of education, that it would receive bids for the purchase of school bonds, which it agreed to dispose of to the person making the most advantageous bid, taking into consideration the rate of interest, not to exceed six per cent, by which advertisement it was announced that the bonds would "be delivered to the purchasers on the 21st day of January, 1897," and that, "by statute, the bonds cannot be sold for less than par and accrued interest," a bid to take the entire issue at 105.25, with interest at four per cent, was accepted, but the bonds were not delivered to the bidder until the 9th day of February, 1897, when the bidder was required to pay the face of the bonds, with the premium as bid, and also the accrued interest.

In an action to recover this accrued interest thus paid, as alleged, under duress, it was found that the plaintiff bid for these bonds with notice of the provision of the statute that they could not "be sold for less than par and accrued interest."

*Held*, that it was not material, under the circumstances, whether the bid contained these words or not;

That the amount of the bid above the par value of the bonds was a premium, and could not be construed as in any manner involving the interest;

That, as the plaintiff received interest upon these bonds from the 1st day of January, 1897, and in accepting them on the ninth day of February of that year, had the use of its own money during that interval, there was no reason why it should not pay the amount of the interest which had accrued up to that time:

That, as the claim made by the plaintiff would violate the statute, any question of usage, as applied to transactions between a broker and a municipal corporation, need not be considered.

APPEAL by the plaintiff, Edward C. Jones Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 5th day of February, 1898, upon the report of a referee.

*Charles W. Culver*, for the appellant.

*William J. Marshall*, for the respondent.

WOODWARD, J.:

The plaintiff in this action is a corporation dealing in stocks, bonds, etc., in the city of New York, and the defendant is the board of education of the city of Mount Vernon, which is a few miles distant from the first-named city and upon the line of one of the rapid transit railroads. In December, 1896, the defendant issued an advertisement, announcing that it would receive bids for the purchase of sixty-five school loan bonds of $1,000 each, and it agreed to dispose of these bonds to the person making the most advantageous bid, taking into consideration the rate of interest, which was not to exceed six per cent. This advertisement announced that the bonds " will be delivered to the purchasers on the 21st day of January, 1897," and that " by statute the bonds cannot be sold for less than par and accrued interest."

The plaintiff in this action, in common with others, put in a bid, offering to take the entire issue at 105.25, with interest at four per cent, and this bid was accepted by the defendant. As a matter of fact the defendant did not deliver these bonds until the 9th day of February, 1897. On that date the bonds were delivered, and the defendant rendered a bill for the face of the bonds, with the premium and accrued interest added, and the full amount was paid. This action is brought to recover $274.44, the amount of accrued interest which the plaintiff alleges was paid to the defendant under duress, and which it was not obliged to pay under its contract for the purchase of the bonds. The referee before whom the case was tried finds that the plaintiff bid for these bonds with notice of the provision of the statute that they could not be sold for less than par, with accrued interest, and that it is not material, therefore, whether its bid contained these words or not; that the bid above the par of the bonds was a premium, and could not be construed as in any

manner involving the interest; that the law contemplated that the bonds, sold under competitive bids, would be sold above par, and that, in addition to this, they must be sold for the amount of the accrued interest. This is the natural construction to be put upon the language of the statute, and we can discover no reason for putting a strained construction upon these words for the purpose of giving this plaintiff a better bargain than it has made. It gets the interest upon these bonds from the 1st day of January, 1897, and there is no reason why, in accepting them on the ninth day of February of that year (it having had the use of its own money during that time), it should not pay the amount of the interest which had accrued up to that time. If the plaintiff's contention is right, then, if the bonds for any reason had not been delivered until February 9, 1898, it would still be entitled to receive them less the accrued interest, in which event the city would realize less than the par of the bonds. This would so obviously violate the statute that no one would think of urging it, and yet it is merely the carrying out of the reasoning of the plaintiff. It being apparent that the contract legally demanded the payment of the accrued interest, no custom, however well established, could override the express language of the law; and it is not, therefore, worth while to enter into a consideration of the question of usage, as applied to transactions between a broker and a municipal corporation.

Neither is it necessary to discuss the question of duress; but, as the plaintiff seems to think it has suffered some wrong by reason of the demand of the defendant at the time of delivering the bonds, we are disposed to look into its claim. The evidence as to what happened at the time of the delivery is conflicting. The plaintiff insists that it paid the amount now in controversy under protest, while the defendant's witness, who made the delivery, is equally certain that there was no protest, and no suggestion that the amount ought not to be paid. In support of its claim the plaintiff introduces in evidence a letter written to the clerk of the board of education on the same day that the delivery was made, in which notice is given of the demand for reimbursement. This letter, so far from establishing what the plaintiff is pleased to call duress, is conclusive evidence of the fact of a voluntary payment. The plaintiff, in its letter, after setting up the claim that the accrued interest was paid

under protest, continues: "Had it not been that Mr. Lantz" (a member of the board who made the delivery) "has been so extremely courteous and done everything in his power to facilitate the matter, *we should have refused to have paid the accrued interest,* which we were in no wise bound to do; but as he had assumed the responsibility of kindly having $35,000 of them registered before delivering to us, it would have placed him, as well as your Board, in a very unfortunate position, should we have refused the payment, as you will readily appreciate, and it was only owing to this courtesy on his part, and our desire to keep from placing him in a false position temporarily, that we paid this advanced sum, which we now hereby make a demand on you for."

There is no suggestion of any duress here; the plaintiff knowing, as it contends, that it was not under obligations to do so, handed over to the agent of the defendant the sum of $274.44 out of consideration for the courtesy of the individual who had done so much to promote the transaction, and now it asks this court to aid it in recovering this amount, because, as it alleges, it was under duress when the payment was made. The plaintiff now contends that it was under duress because it was late in the delivery of certain bonds to its customers, etc., but it says in its letter that it would have refused the payment except for the courtesy of Mr. Lantz; and if it was free to exercise its own discretion in the matter, and if it was moved to make the payment by considerations entirely independent of the alleged duress, it is clearly concluded from asking relief from this court, even if it had paid that which the defendant had no right to demand.

"To constitute a voluntary payment," says the court in the case of *Scholey* v. *Mumford* (60 N. Y. 501), "the party paying must have had the freedom of exercising his will. When he acts under any species of compulsion, the payment is not voluntary." The plaintiff in the case at bar does not contend that there was any control over its will; it says it should have refused the payment except for its consideration for the agent through whom the delivery was made.

In the case of *Barrett* v. *Weber* (125 N. Y. 25) it was said that "in order to avoid the contract on the ground that it was made under fear of imprisonment, the imprisonment, threatened or feared,

must be shown to have operated upon her mind so as to deprive the contract of the character of a voluntary act," and this rule is fully sustained in the case of *Secor* v. *Clark* (117 N. Y. 350), where the court say: "There is no allegation in the complaint, and there was no proof upon the trial of any fraud or deception practiced by Clark in procuring the assignment from the plaintiffs. At the time they executed it they knew all about the facts, and the substance of their claim is that they took the $8,500 for fear they would not be able to collect the $10,000, or might be delayed in collecting it, or might be subjected to expense in collecting it. Such things do not constitute duress within any authority to be found in the books, and do not entitle the plaintiffs to any relief. Two of them were lawyers, all of them competent business men, understanding their rights and able to defend and enforce them. There was nothing so peculiar in their position, or in the position of Clark, as to give them any stronger or better claim for relief than any creditor would have who compromises a claim against his debtor for fear that he would be subjected to expense, delay and risk in enforcing payment thereof."

The same principle, in the negative, is asserted in the case of *McPherson* v. *Cox* (86 N. Y. 472), and we are unable to find any authority which would justify this court in finding that the plaintiff had acted under duress, even assuming that it was right in its contention that it did not owe the sum demanded by the defendant. Edward C. Jones, the president of the plaintiff, was a business man, familiar with its rights; he was within two hours' ride of the defendant at almost any hour of the day, and if the plaintiff had any rights they could have been adjusted without any material delay, and it was his duty, under the circumstances, to have been satisfied with the arrangements before paying its money. Having paid it, the appellant has now no reason to complain; and the judgment entered upon the report of the referee should, therefore, be affirmed.

All concurred, except HATCH, J., absent.

Judgment affirmed, with costs.