### BURTON v. BURTON.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

ACTION ON NOTE—ASSIGNMENT BY INDORSEE — ADMISSIBILITY OF ASSIGNMENT IN EVIDENCE.
> Code Civ. Proc. § 756, provides that on a transfer of interest the action may be continued by the original party, unless the court directs the person to whom the interest is transferred to be substituted or joined. *Held*, that an action on a note by an indorsee may be continued by him after an assignment for the benefit of creditors.

Appeal from Westchester county court.

Action by Isabella M. Burton against J. Howard Burton. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Charles F. Holm, for appellant.
R. McC. Robinson, for respondent.

JENKS, J. This appeal presents a single question. The plaintiff, in 1892, became the indorsee of the payee of a promissory note made by the defendant. This action was brought in 1896, and came to trial

in 1899. At the trial the defendant offered in evidence "this assignment for the benefit of creditors made by Isabella M. Burton to Theodore M. Henry, filed January 9, 1897. Objected; sustained; exception." It is contended that this was error. I think that the action might be continued in the name of the original party. Section 756, Code. Civ. Proc.; Lawson v. Town of Woodstock, 37 Hun, 352;. Cuff v. Dorland, 7 Abb. N. C. 194. There is a further consideration mentioned in the first authority cited, which makes such continuance proper, aside from the privilege afforded by the statute. Under such an assignment, the assignor is still interested. If the assignee collect anything, it pays the assignor's debts, and any surplus would go to the assignor. In McGean v. Railway Co., 133 N. Y. 9, 30 N. E. 647, where the objection raised was that the plaintiff had transferred his realty pending the trial, the court held that section 756 was sufficient authority, unless the court directed that the grantee be made a party,. and that such question could not be raised for the first time upon trial, but must be presented either by motion or by supplemental pleading.

The judgment and order appealed from must be affirmed, with. costs. All concur, except SEWELL, J., taking no part.