### FOSTER v. CENTRAL NAT. BANK OF BOSTON et al.

(Supreme Court, Trial Term, Rensselaer County.   October, 1903.)

1. PARTIES—INTEREST IN SUBJECT-MATTER—ASSIGNMENT.

Plaintiff alleged that in a former suit relating to the same subject-matter defendant N. had recovered a judgment against this plaintiff and against the now defendant H., enforcement of which he asked be enjoined. Before the later action defendant H. had assigned all his interest in the subject-matter, and pending the action plaintiff made a general assignment for creditors.   Subsequently plaintiff amended the complaint, alleging various payments under duress to defendant N.   Defendant H. filed

pleadings averring similar payment by him. *Held*, that this was a new cause, consideration of which was precluded by Code, § 449, requiring actions to be prosecuted by the real parties in interest, and it was not maintainable under Code, § 756, providing that "in case of a transfer of interest the action may be continued by or against the original party, unless the court directs the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined."

**2. SET-OFF—ASSIGNMENT FOR BENEFIT—FORMER JUDGMENTS.**

Where, pending an action, plaintiff made a general assignment for his creditors, and it appeared that prior to the assignment, in former actions between the same parties, judgments had been obtained against plaintiff for a larger amount than his petition claimed, his assignees, if brought into the action, could have no recovery, as the judgments would constitute a valid set-off against them.

**3. VARIANCE—PLEADING AND PROOF.**

Where a complaint was for recovery of payments made under duress, but the proof offered and the judgment finally asked was for moneys paid under a judicial sale, no recovery could be had.

**4. DURESS—EVIDENCE.**

Money paid by a debtor to a creditor for a postponement of a sale under a decree of court, and for an extension of time to prevent such sale by payment of the original debt, was not paid under duress.

Action by William Foster, Jr., against the Central National Bank of Boston and others. Judgment for defendants.

Lowery, Stone & Auerbach (Edward Winslow Paige, of counsel), for plaintiff.

Edward Winslow Paige, for defendant Rowland N. Hazard.

Patterson, Bulkeley & Van Kirk (Alfred Hemingway, of counsel), for defendants Central Nat. Bank of Boston and Massachusetts Mut. Life Ins. Co.

BETTS, J. This action was brought March 16, 1892. It arises out of litigation had over the Lebanon Springs Railroad. In the verified complaint the proceedings in many actions relating to the Lebanon Springs Railroad are recited, mortgages given thereon are set forth, foreclosure and sale thereunder and receiver's certificates issued thereon are alleged and described. It is further alleged that the Central National Bank of Boston had obtained a judgment and decree against the plaintiff and others in an action brought by it to sell the said railroad for the payment of certain receiver's certificates owned by it, and which plaintiff and defendant Hazard had agreed to pay, and to issue execution for the deficiency should there be any, and to collect the same from the plaintiff and his property, and the plaintiff then asked judgment adjudging that such portions of the decree as orders and adjudges that the plaintiff pay to the Central National Bank of Boston and the other certificate holders the residue of the indebtedness on certain receiver's certificates be annulled, and the enforcement thereof perpetually enjoined, and that so much of the decree as adjudges that the Central Bank and others have execution for the residue of the indebtedness on said certificates be annulled, and the enforcement thereof perpetually enjoined, and that the defendants be perpetually restrained from issuing any exe-

cution against the plaintiff under said decree, or taking any proceedings for the purpose of enforcing the payment or collection of said certificates, or to collect any money by virtue of an execution authorized to be issued by the said decree, and that the Central Bank and the other certificate holders be required to deliver to the plaintiff a proper release or satisfaction of the decree in the Central Bank case. The case was shortly after moved by the plaintiff into the United States courts. While there, and on the 23d day of January, 1896, William Foster, Jr., made a general assignment for the benefit of his creditors to one Pell W. Foster. On January 19, 1901, the case was by an order of the United States Circuit Court remanded again to this court. On March 12, 1901, Pell W. Foster, the assignee, assigned the claim now made in this case to one Charles E. Hotchkins or Hitchcock or George E. Spencer for the sum of $2,500. Upon March 14, 1901, the plaintiff served an amended complaint, in which he first alleges various payments of sums of money and the dates of the payment of the same by himself to the defendants the Central National Bank of Boston and the Massachusetts Mutual Life Insurance Company under duress, amounting to the sum of $138,497.16, the times of these payments extending from May 31, 1887, to January 3, 1891; and alleging a demand on the defendants for the repayment and demanding a judgment against the said defendants for that sum, with interest from the dates of the various payments and from the date of the demands. This was a new cause of action, and, in effect, a new complaint, and the plaintiff had at that time, as we have seen, not only made a general assignment, but his assignee had assigned this particular claim now made. The defendant Rowland N. Hazard, by Edward Winslow Paige, the counsel for the plaintiff, served an answer in substance conforming to the complaint of the plaintiff, and setting forth various sums of money paid by him under duress to the defendant the Central National Bank of Boston amounting to $33,011.12, at times extending from May 28, 1887, to July 13, 1888, and also certain payments made by himself and the plaintiff to the said Central Bank and the defendant the insurance company, and asks for a judgment herein enjoining the defendants from proceeding under the same judgment as referred to in the complaint, and that the Central Bank and the insurance company pay to him the amount of said payments, with interest. It appears in evidence that on the 5th day of September, 1889, the defendant Rowland N. Hazard assigned to Sarah C. Hazard his interest in the claim litigated in this action; also that later Sarah C. Hazard made an assignment thereof in blank. In March, 1901, Hazard served his answer, demanding affirmative relief against the Central Bank and the insurance company, practically asking the same kind of a judgment against them that is asked for by the plaintiff, and for the same causes of action. Many of the items of payment are alleged to have been made jointly by Hazard and Foster.

We have now a claim made by the plaintiff and by the defendant Hazard for a judgment on causes of action which neither of them owned at the time the pleadings under which his claims were

first made herein were presented. The cause of action of Hazard was assigned some years even before the action was commenced. This is in direct conflict with section 449 of the Code, which is as follows:

"Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue, without joining with him the person for whose benefit the action is prosecuted. A person, with whom or in whose name, a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section."

Both Foster and Hazard, however, claim that the action can be maintained and judgment recovered herein under section 756, which is as follows:

"In case of a transfer of interest, or devolution of liability, the action may be continued by or against the original party; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action, or joined with the original party, as the case requires."

Their attorney cites four cases to sustain that contention. The first is Lawson v. The Town of Woodstock, 37 Hun, 352. In that case, however, it was held simply that a plaintiff who made a general assignment pending litigation might continue the action if his assignee would not, as the assignor would be interested in the event of success by having his debts reduced by the amount of the recovery had, and, if the recovery was large enough to more than pay his debts, of course the surplus would return to the assignor. Burton v. Burton, 57 App. Div. 113, 67 N. Y. Supp. 1067, is to the same effect. In Styles v. Fuller, 101 N. Y. 622, 4 N. E. 348, it was held that it was not improper to reject the offered proof that subsequent to the commencement of the action, the nature of which is not stated, the plaintiff was adjudged a bankrupt, and the alleged cause of action passed to his assignee, on the ground that the proof offered was not pleaded. The cause is not reported in full, and I do not consider it authority for the claim here advanced in behalf of Foster and Hazard. McGean v. Metropolitan Elevated Railway Company, 133 N. Y. 9, 30 N. E. 647, which simply holds that where a plaintiff, pending a litigation to recover for permanent damages in the fee of the premises described in the complaint, had conveyed the premises, reserving to himself, however, the right to recover the very damages for which the action was brought, a recovery might be had. None of these cases present the question which is here at issue, which is, sharply, that at the time these claims first appeared in court in this action the plaintiff had not only made a general assignment, but his assignee had parted with title to the matters here litigated, and that Hazard, less fortunate, had parted with his claim herein prior even to the commencement of the action.

It would not seem to be necessary to give any reason for the section of the Code which provides that a party shall be confronted with the real party in interest. It may well be that these defendants the Central Bank and the insurance company would have a com-

plete defense to an action brought by the present holders of these alleged claims which they would not have against either Foster or Hazard. The defendants should also be confronted by their real adversaries, so that, if successful, costs may be recovered against the party who is urging the claim and who is defeated. I hold that judgment cannot be had in this suit in favor of either Hazard or Foster, as neither has any interest in the result, nor had at the time the cause of action upon which a recovery is now sought first appeared in the pleadings.

If it were admitted that the parties are properly in court, I am convinced that neither the plaintiff nor the defendant Hazard are in any better position for a recovery against the Central Bank and the insurance company. The claim of plaintiff against both parties in round figures is $138,497.16. The greater portion of this is against the Central National Bank for moneys paid it by plaintiff. The balance is claimed by plaintiff to have been paid said Central Bank and insurance company by referee in Sackett suit. This certainly was not paid under duress. A judgment in favor of the Central National Bank of Boston against Rowland N. Hazard and William Foster, Jr., obtained in the Circuit Court of the United States, was introduced in evidence, for the sum of $231,736.38, which was obtained September 15, 1893; and also a judgment in favor of the Massachusetts Mutual Life Insurance Company against Rowland N. Hazard and William Foster, Jr., of the same date, for $46,392.89. These judgments were obtained between the same parties prior to the time of the assignment of Foster, which was in 1896, and the amounts are much in excess of any possible recovery that could be had in this action in favor of either Foster or Hazard against the defendant Central Bank or the insurance company, and would be and are valid set-offs to the amount of these claims. So that, even if Mr. Spencer or Mr. Hitchcock were finally brought into this action, they would be defeated, because this judgment against Foster would be a complete bar to any recovery.

Again, while the complaint is for moneys paid under duress, the proof offered and the judgment finally asked by the counsel for Foster and Hazard is not for moneys paid under duress, but for moneys paid under a judicial sale for property which was taken from Foster and Hazard, the purchasers. No duress has been shown, and no recovery can be had from the evidence here submitted for a cause of action, or any of them, stated in the amended complaint. Secor et al. v. Clark, 117 N. Y. 350, 22 N. E. 754; Dunham v. Griswold, 100 N. Y. 224, 3 N. E. 76.

In addition, it appears that the greater portion of this money paid by Foster and Hazard, or either of them, to either the defendants Central Bank or the insurance company, was in fact paid for an adjournment of the proposed sale under the Central Bank action and an extension of time for Foster and Hazard to complete their agreement to pay the receiver's certificates. There was no duress about this. Neither the Central Bank nor the insurance company were attempting to enforce any rights which had not

been given them by the court, and their forbearance from selling this property under the decree that was had by the Central Bank is a good consideration for the moneys paid. It is a good consideration in any event. If it was not a sufficient consideration, that was a mistake of Foster and Hazard, who voluntarily paid these moneys, and if they paid too dear for the forbearance they cannot now be heard to ask a return to themselves of the moneys voluntarily paid.

The claim now made is that plaintiff, Foster, and defendant Hazard bought the Lebanon Springs Railroad property on June 12, 1885, at a judicial sale in an action brought by one Marvin Sackett against Russell C. Root and others, and made various payments on the purchase price to the Central Bank and the insurance company, and the premises were finally taken from them by the court, and hence they should have restitution of the moneys thus paid, since their title failed. This cause of action I have been unable to find pleaded in any of the voluminous complaints of Foster or answers of Hazard. Neither does it appear from the evidence submitted that Foster and Hazard did not in fact obtain what they attempted to purchase at the foreclosure sale. They were awarded the deed. They soon after conveyed the property to other parties, the New York, Rutland & Montreal Railroad Company, and the property was not taken from either Foster or Hazard, so far as appears from the record submitted here.

For all of these reasons no recovery can be had by the plaintiff in this action, nor can there be any had by the defendant Hazard.

Judgment may be entered accordingly.