(159 App. Div. 57.)

## COLGAN v. FINCK.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1913.)

ABATEMENT AND REVIVAL (§ 43*)—BANKRUPTCY OF PLAINTIFF.

> An action is improperly dismissed, though after its commencement plaintiff is adjudged a bankrupt and a trustee in bankruptcy is appointed, the trustee neither being substituted as a party nor appearing; Code Civ. Proc. § 756, providing that, in case of a transfer of interest, the action may be continued by the original party unless the court directs the transferee to be substituted for or joined with the original party.

> [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 222–225; Dec. Dig. § 43.*]

Appeal from Special Term, Chautauqua County.

Action by Peter B. Colgan against Henry Finck. From an order and judgment entered thereon nunc pro tunc as of June 9, 1913, dismissing the complaint with costs, plaintiff appeals. Reversed, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Thomas H. Larkins, of Dunkirk, for appellant.

John L. Hurlbert, of Dunkirk (Arthur C. Wade, of Jamestown, of counsel), for respondent.

ROBSON, J. After this action was at issue plaintiff was adjudged a bankrupt on his own petition and a trustee in bankruptcy duly appointed, who was still acting at the time the action was moved for trial by plaintiff's attorney. The trustee had not been substituted as a party and did not appear either personally or by attorney on the trial nor in any manner in the action. The cause of action involved in the suit appears to have been listed and included in the schedules of the bankrupt in the bankruptcy proceedings as a part of his assets. These facts were apparently conceded at the opening of the case after a jury had been regularly impaneled; and thereupon the motion of the defendant that the court direct a dismissal of the complaint was granted. An order to that effect and directing judgment in accordance therewith was thereafter entered. This order on plaintiff's application was thereafter resettled by the court and certain corrections in its recitals made. Judgment was thereafter entered by defendant, and this judgment was thereafter on plaintiff's application corrected and directed to be entered as corrected nunc pro tunc as of the date of entry of the original judgment; and defendant was thereby directed to pay $10 costs. From the order as resettled and the judgment as amended plaintiff appeals.

No facts other than those above stated upon which dismissal of the complaint was directed appear. The dismissal of the complaint was unwarranted. Section 756, Code Civ. Proc., which is as follows:

"In case of a transfer of interest, or devolution of liability, the action may be continued, by or against the original party; unless the court directs the person, to whom the interest is transferred, or upon whom the liability is de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

volved, to be substituted in the action, or joined with the original party, as the case requires."

In view of this provision of the Code it seems to be clear that, under the facts appearing in this action, plaintiff was entitled to prosecute it. In Hahlo v. Cole, 112 App. Div. 636, at page 638, 98 N. Y. Supp. 1049, at page 1051, Laughlin, J., says:

"An action by or against the bankrupt in the state court does not abate upon the adjudication in bankruptcy or appointment of a trustee, and in the absence of an application by the trustee for substitution it may be prosecuted or defended by the bankrupt."

The statement was perhaps obiter in that case; but other authorities are to the like effect. Lawson v. Town of Woodstock, 37 Hun, 352; Cuff v. Dorland, 7 Abb. N. C. 194; Burton v. Burton, 57 App. Div. 113, 67 N. Y. Supp. 1067.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event. All concur.