### J. B. BIDLEMAN, Respondent, *v.* E. J. C. KEWEN, Appellant.

*Quære?* How far a judgment for the maker, in a suit by the last endorsee of a note, is a bar to a subsequent suit by a prior endorsee, against the maker.

When it is proper, this Court will render such judgment as the Court below should have rendered.

A judgment by default will be set aside on the ground of surprise.

APPEAL from the Sixth Judicial District, Sacramento County.

On the 11th of March, 1851, Bidleman sued Kewen upon a promissory note for $1000, dated October 15th, 1850, made by the defendant, payable thirty days after date, to one Whitehill or order, and by Whitehill indorsed to the plaintiff. The defendant acknowledged service the same day, by a written acknowledgment on the complaint. On the 22nd of March, no answer having been filed, the Court, on motion of the plaintiff, ordered

the default of the defendant to be entered; and on the 26th of March, final judgment was rendered in favour of the plaintiff, against the defendant, for the amount of the note, with interest, &c.   On the 14th of January, 1852, the defendant filed his affidavit, showing, that in December, 1850, Henaric & Co., to whom the plaintiff in this suit had indorsed the note in question, sued the defendant upon the same note; that the defendant, by Morrison, his attorney, filed an answer in that suit, and moved for a continuance, to obtain the testimony of Whitehill, alleging that Whitehill would prove payment of the note to himself by the defendant, after the maturity of the note, and before it was indorsed to the plaintiff; whereupon the attorney for Henaric & Co.,—who was also the attorney for the plaintiff in this suit,— admitted that Whitehill would swear to the facts stated in the affidavit for a continuance; and the cause was submitted for trial to the Court, who rendered judgment dismissing the complaint, with costs to the defendant; that the attorney for Henaric & Co. afterwards commenced this suit, in the name of the plaintiff; and the defendant, being necessarily absent much of his time, employed and relied upon Morrison to defend this suit, he having defended the other, as attorney for the defendant; that Morrison neglected to file an answer, supposing the defendant,—who is an attorney,—had done so; that the default was entered and final judgment rendered, during the temporary absence of Morrison from the court-house; that as soon as the defendant learned judgment had been entered, he called on the plaintiff's attorney, and explained the circumstances to him; and said attorney agreed with the defendant that the case should be opened, and the question submitted to the Court, whether the former suit was not a bar; of which agreement the defendant informed Morrison, his attorney, and with whom the plaintiff's attorney renewed the agreement; that, relying on such agreement, the defendant was absent several months; and did not know, till a few days before the present application, but that the case had been disposed of pursuant to the agreement; and therefore praying that the judgment be set aside, &c.   The plaintiff resisted the application; and the Court overruled the motion.   The defendant excepted; and appealed from the decision.

*Robinson* and *Morrison,* for the appellant.

*H. O. Ryerson,* for the respondent.

Justice ANDERSON delivered the opinion of the Court. (After stating the facts of the case.) By the record, it appears that the original trial, between Henaric & Co. and the appellant, upon this note, was fairly had; and that final judgment was rendered in favour of the appellant; from which the plaintiffs did not choose to appeal; but a sort of legal strategy was resorted to, by suing the appellant over again, in the name of Bidleman, the second indorser, (first indorsee.) The first judgment, in favour of the appellant, not having been disturbed, and being in full force, was a bar to any future suit upon that note, inasmuch, also, as the counsel for the respective parties having agreed that the record was true, it appeared that the endorsements were regularly made, not questioned, and that, at the trial, the judgment was rendered upon the merits, and not for any technical cause, in favour of the appellant.

This court will not countenance proceedings of the character of this case. They are alike unjust and illegal. If there was any good cause to except to the original judgment in favour of the appellant, in the case of Henaric & Co. and himself, the legal presumption is, that the plaintiffs would have availed themselves of their right to do so, and appealed. In the absence of this, the conclusion of law, as to this point, goes with the judgment against them.

In the present case, a new party, the endorser, has succeeded, by the default of the appellant, in obtaining a judgment against him upon the same note, in a new suit. The causes which led to that default, we think are sufficiently made out by the appellant, so as to show that he was taken by surprise, and was entitled to his motion before the Court below, to have the judgment set aside, and the case reheard. Upon that rehearing, it would have been the duty of the Court below to have dismissed the suit of the plaintiff, Bidleman, at his costs. And it is proper for this Court to do what that Court ought to have done ; and it will be a very mild rebuke of a very extraordinary attempt on the part of the plaintiff.

Our decision is, that the judgment of the Court below, refusing

the motion to set aside the judgment for Bidleman against the appellant, be reversed; and that the previous judgment rendered in the same case, in favour of Bidleman against the appellant, be set aside; and the Court below is ordered to dismiss the suit of Bidleman against the appellant, with costs to the former.