[No. 2,375.]

ARTHUR QUINN AND JOHN CARROLL *v.* SETH H. WETHERBEE, JOHN REYNOLDS, S. F. REYNOLDS, AND HENRY COWELL.

RELIEF IN EQUITY AGAINST JUDGMENTS AT LAW.—Courts of equity will not grant relief against judgments recovered at law, unless the party asking for relief was unable to avail himself of his defense in the action at law, or was prevented from doing so by fraud, accident, or mistake, without negligence on his part.

IDEM.—When an attorney for defendant, on the trial of a cause, objects to the introduction of certain testimony, and the Court erroneously overrules the objection, and an exception is taken to the ruling, and by reason of said erroneous ruling the plaintiff recovers judgment, and the testimony is taken down by the official reporter, who fails to note the objection and exception, and the defendant moves for a new trial, and adopts as his statement the report of the official reporter, without observing the error in the report, and by means thereof fails to obtain a new trial, the mistake has been accompanied by such negligence of defendant's attorney that a Court of equity will not relieve against the judgment.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The Court below rendered judgment for the plaintiffs, and the defendants appealed.

The other facts are stated in the opinion.

*John Reynolds*, for Appellants.

The whole scope of this complaint is to correct an alleged error of law committed by a Court of law. Courts of equity will not entertain bills for such a purpose. (14 Cal. 142; 4 McLean, 12; *Merit* v. *Baldwin*, 6 Wis. 439; *Shottenkirk* v. *Wheeler*, 3 Johns. Ch. 279–81.) No fault whatever is charged upon the defendants, and Courts of equity will only relieve against unjust judgments, where some fraud, actual or constructive, has been practiced. (*Pinkham* v. *McFarland*, 5 Cal. 137; 3 Graham & Waterman on New Trials, Secs. 1,489–1,491.) Taking the complaint in its whole scope, and giving it the most liberal construction, it cannot be sustained. It is destitute of equity. Plaintiffs seek nothing now but what they have had two opportunities to avail themselves of at law, and have neglected them both. (Hilliard on New Trials, Sec. 3, p. 451; authorities cited by plaintiffs' counsel; *Collins* v. *Butler*, 14 Cal. 226; *Borland* v. *Thornton*, 12 Cal. 443–447; 1 Graham & Waterman on New Trials, 467, and 3 id. 1,468, 1,489, 1,491, 1,495; *Strope* v. *Sullivan*, 1 Kelly, 136; 1 Johns. Ch. 97.)

If for no other reason, this bill should be dismissed on account of the *laches* of the plaintiffs, and they are chargeable with the knowledge and neglect of their attorney; and the attorney must be held to have had notice and knowledge of what occurred under his own exclusive direction. He was not justified in relying on the reporter's notes. They form no part of a statement; and if it was intended that they might be so used, why require any settlement of the statement? (See Prac. Act, Sec. 195; 3 Graham & W. on N. T. 1,520.)

*W. H. Patterson*, for Respondents.

The assessment was void, there being no dollar mark before the figures showing the valuation. (*Hurlbut* v.

*Butenop*, 27 Cal. 50; *Bradley* v. *Seaman*, 30 Cal. 619; *People* v. *San Francisco S. N.*, 31 Cal. 135; *People* v. *Hastings*, 34 Cal. 571.) The facts are sufficient to authorize the relief awarded. (*Wright* v. *Eaton*, 7 Wis. R. 607; *Huebschman* v. *Baker*, 7 id. 542; *Bacon* v. *Jones*, 1 Comstock's R. 281; *Huggins* v. *King*, 3 Barb. R. 619; *Truly* v. *Wanzer*, 5 How. U. S. 141; *Kent* v. *Ricards*, 3 Md. Ch. 397; *Pollock* v. *Gilbert*, 16 Georgia R. 398; *Marine Ins. Co.* v. *Hodgson*, 7 Cranche, 332; *Lambro* v. *Anderson*, 1 Chandler, 224; *Little* v. *Price*, 1 Md. Ch. 182; Graham & Waterman on N. T., Vol. 1, pp. 572–4.) If the attorney could not be made answerable as for negligence in the given case, the client, having no knowledge, and trusting to his attorney, cannot be held guilty of negligence. (*Patterson* v. *Matthews and Wife*, 3 Bibb. Ky. R. 80.) As it is only through the attorney that *laches* can be imputed to the client (as by proxy), the measure of the attorney's negligence is the criterion by which the conduct of the client will be determined; and if the attorney is not chargeable, the client will not be presumed to be. We are content to state the rule as it obtains in most of the United States, in which attorneys and counsel are allowed to contract for fees and pay for their services, which are held to be "the exercise of reasonable skill and diligence." (*Varnum* v. *Martin*, 15 Peck, 440; *Goodman* v. *Walker*, 21 Ala. [N. S.] 647; *Ransom* v. *Cothron*, 6 Sanders & Marshall, 3 Mason, 405; *Pennington* v. *Yell*, 6 Eng. Ark. 212; *Wilson* v. *Russ*, 20 Maine, 421; *Lynch* v. *Commonwealth*, 16 Serg. & R. 368; *Gilbert* v. *Williams*, 8 Mass. 57.) Was it culpable negligence in the attorney to rely on the certified notes of the reporter as being a faithful and correct transcript of the evidence taken on the trial? The statute declares they shall be deemed and taken to be correct. We argue, then, that the accident or mistake not

being the act of the attorney, or of his clerk or agent, he is not chargeable with or liable for the consequences of it.

By the Court, TEMPLE, J.:

There seems to be no conflict in the authorities as to the principles upon which Courts of equity interfere to grant relief against judgments recovered at law. It must appear that the party could not avail himself of his defense in the action at law, or that he was prevented from doing so by fraud, accident, or mistake, without fault or negligence on his part. To this effect are all the authorities cited; and the only question I deem it necessary to discuss is whether the defendants in the action sought to be set aside were guilty of negligence.

That action was brought to recover certain premises in San Francisco, and the plaintiff in that suit relied entirely upon a tax title. The assessment roll was introduced, showing the assessment upon which the tax sale was based, and from that it appeared that no dollar mark was prefixed to the valuation of the property in the assessment. This assessment has in several cases since that trial been declared void by this Court. The evidence was taken down by the official reporter; and judgment having been rendered for plaintiffs, a motion for a new trial was duly made, and a statement of the evidence proposed and settled. On the trial the plaintiffs in this action—defendants in that—had objected to the assessment roll on account of the defect above mentioned; but in making up their statement on motion for a new trial they adopted the report of the official reporter, who had taken down the statements from the assessment roll as though the dollar mark had been added. This error was not observed by the counsel for the defendants in that action until twenty days after the judgment had been affirmed by this Court. It is claimed that the judg-

ment in that case must inevitably have been reversed but for this mistake on the part of the official reporter.

It will be observed that these plaintiffs had the full benefit of all the facts in the trial of the former action in the District Court. The assessment was correctly read there. And yet, in the present action, the same Court, claiming to sit as a Court of equity, has set aside its former judgment, rendered before upon precisely the same facts which were before it in the former case, and not only without proof of accident, mistake, or fraud, but upon positive proof that there was neither. It is not claimed that the District Court, on the former trial, would have granted a new trial if the evidence had been correctly stated. The true evidence was before that Court, and neither counsel nor the Court seem to have discovered that the statement did not accord with the facts. The reason for this most likely was that this fact was not regarded as very essential until after the decision of this Court declaring the defect fatal to the assessment. The only effect of the mistake was that defendant in that action failed to obtain a review of his case in this Court. To obtain the benefit of such a review is the real object of this action.

No case cited raises any question as to the degree of negligence which will prevent a party from obtaining relief in this form. I think it clear, however, that one is bound to exercise at least ordinary care and diligence in the management of his defense to the action brought against him. As I think the complaint in this case shows a want of ordinary care and diligence, it is not necessary to inquire whether a party could obtain relief in this way, although he may have been guilty of some degree of negligence.

In the first place, the evidence, as written out by the reporter, is not the statement contemplated in section one hundred and ninety-five of the Practice Act. No prudent attorney would adopt it as a statement of evidence without

a careful examination to see if it stated the evidence and noted his exceptions correctly. The reporter is not required to take down documentary evidence; and if he were, attorneys would scarcely accept his copies in preference to the originals; and if they did it would be very negligent not to compare them when the case turns upon so slight a thing as the omission of a letter or a dollar mark. The official reporter cannot be expected to understand the importance of such things, and to suppose no such mistake could occur would be to credit him with greater accuracy than is often found.

Amendments were then proposed to this statement, and it became the duty of the attorney for these plaintiffs, in that action, as the moving party, to have it correctly engrossed. After that, the motion for a new trial was submitted to the District Court. If this ruling were one of the errors assigned upon that motion, it is strange that it was not pointed out, or that such an assignment of error were made in the statement, and the statement itself not examined to see if the errors appeared. The only office of the statement is to show the errors, and the attorney ought to have seen that only such evidence as was necessary to explain the points taken was inserted. On appeal to this Court the same statement was used, and it became the duty of the appellants in that case to see that a correct transcript was prepared and correctly printed, and then point out the errors to this Court.

On all these occasions it became the duty of the attorney for the defendants in the former action to examine his statement and to see that it was correct. Attorneys ought, and generally do, examine carefully their transcripts before they have been printed for use here, to see if they are correct, in order that prompt measures may be taken to supply defects. If the error had existed only in the transcript used here, it certainly would have been culpable negligence to allow so material an error to pass unnoticed.

The judgment is reversed and the Court directed to sustain the demurrer.

Mr. Justice WALLACE, having been of counsel below, did not sit in this cause.