CLARK, J., dissenting.
The court found the following facts: The summons was served 7 July on the station agent at Goldsboro, and by him duly forwarded to *Page 329 
the headquarters of the company at Atlanta, according to regulations; by the managing officer delivered to the general Southern counsel, and by them, on 18 July, 1891, all the papers were sent to David Schenck, the counsel of the North Carolina Division; that by mistake the papers were sent to Mr. Cothran, the counsel for the South Carolina Division, along with papers in two other cases. On 20 July, fifteen days before court met, Mr. Cothran sent the papers to Mr. Schenck, but by some mischance the papers were not received by Mr. Schenck until the night of 4 August; that these papers were sent by railway mail, a method of transmission of papers and letters through baggage-masters universally adopted by this and other railroads, and usually safe and reliable; that Mr. Schenck was sick when the papers were received, but on the next day sent the papers to F. H. Busbee, who was an attorney, resident in Raleigh, N.C. having charge of the business of the Richmond and Danville Railroad in Eastern North Carolina, including Duplin County; that Mr. Busbee had left Raleigh, by the advice of a physician, the day the papers were sent, 5 August, and did not receive them; that if he had been in Raleigh on 5 August, he could not have reached Duplin court by 6 August, at noon; that as soon as the fact of Mr. Busbee's absence was communicated to Mr. Schenck by wire, he telegraphed Mr. I. F. Dortch, local attorney of the company at Goldsboro, to repair to Duplin court, but the court had adjourned the same day the message was received.
Upon these facts, the court adjudged that the default was occasioned by unavoidable accident and ordered that the judgment by default be vacated, and that the defendant be allowed to file an (468) answer or demur.
Plaintiff appealed.
Upon the call of the case in the Supreme Court, counsel of the parties agreed as follows:
"It is agreed that the judge in the court below did not base his ruling, setting aside the judgment rendered at August Term, 1891, upon his discretion, and that upon the facts found he held as a matter of law that the defendant was entitled to have the judgment set aside; but this agreement is not to be construed as an admission by defendant that if the matter was wholly within the discretion of the judge, such discretion was not exercised in favor of defendant. It is also agreed that upon the hearing of said motion the defendant filed affidavits in which it was alleged that the defendant was not negligent, and that the plaintiff was guilty of contributory negligence."
Taking all of the circumstances into consideration, we think that the ruling of his Honor was correct, and should be affirmed.