## D. C. Norman v. Iowa Central Railway Company.

**Practice:** MOTION TO OPEN DEFAULT JUDGMENT. Where the matters alleged in an affidavit in support of an amendment to a motion to set aside a default, offered before a hearing on the original motion, was fully covered by the oral examination of affiant in open court, any error in striking out the amendment and affidavit was without prejudice.

**Same:** SUFFICIENCY OF SHOWING: ANSWER. Where the answer submitted in connection with a motion to open a default judgment consists of a general denial it is not necessary to set out in the motion the evidence which will be relied upon in case the default is set aside; but a showing of reasonable ground to believe that evidence will be offered establishing the defense is sufficient.

**Same:** DILIGENCE: SUFFICIENCY OF SHOWING. The trial court has considerable discretion in the matter of setting aside a default judgment entered because of a failure to answer or to enter an appearance, and where sufficient care and diligence on the part of attorneys is shown the motion should be granted. Thus, in this case, it was made to appear that shortly after the original notice was served on the railway company its legal department requested

a local attorney to forward a copy of the petition, which was done, and on the second day thereafter an answer was prepared and mailed to the local attorney, which in due course should have been received and filed by him in time, but the same was not received. It was also shown that the local attorney was unable to enter an appearance for defendant in proper time because of sickness, and it is held that reasonable diligence was exercised, and the default should have been set aside.

*Appeal from Hardin District Court.*—HON. C. E. ALBROOK, Judge.

WEDNESDAY, NOVEMBER 16, 1910.

ACTION to recover $2,000 by way of damages for personal injuries received by plaintiff's wife while she, in company with plaintiff and her children, was a passenger on defendant's train. The petition was filed and notice served December 31, 1908, and on the return day, January 12, 1909, which was the second day of the January term of the court, a default was entered against the defendant for want of appearance, and thereupon, proof being offered as to the amount of plaintiff's damages, judgment was on that day rendered against the defendant for the full amount claimed in the petition. On the 15th day of the same month the defendant filed its motion to have the default set aside, supported by affidavits and accompanied with an answer. On February 5th following, plaintiff filed a resistance to this motion supported by an affidavit, and on the same day the defendant filed an amendment to its motion supported by a further affidavit. The plaintiff thereupon moved to strike defendant's amendment and the affidavit in support thereof, presenting an affidavit in support of such motion, and, upon an application for an order therefor made by plaintiff, the attorney for defendant who had made affidavits in support of its motion and amendment thereto, was subjected to an examination as to the matters referred to in his said affidavits. On February

248 NORMAN v. IOWA CENTRAL RY. Co. [149 Iowa

6th the court sustained a motion to strike defendant's amendment to its motion to set aside default, and the motion to set aside was overruled. The defendant appeals.—*Reversed.*

*George W. Seevers, W. H. Bremner,* and *J. H. Scales,* for appellant.

*Lundy & Wood,* for appellee.

McCLAIN, J.—Plaintiff's resistance to defendant's motion to set aside the default and judgment entered thereon was based upon want of showing of due care and diligence on part of defendant, in interposing a defense, and upon a want of showing of meritorious defense, and the motion to strike defendant's amendment and showing was on the ground that such amendment was not presented in due time. As the amendment was offered before the court had proceeded to a hearing of the original motion and the resistance thereto, we see no reason why it should have been stricken; but, as the additional showing by affidavit in support thereof is fully covered by the subsequent examination in court of the attorney who made such affidavit, there was no prejudice to defendant in such ruling.

1. PRACTICE: motion to open default judgment.

The objection that the defense offered in connection with defendant's motion to set aside the default was not sufficient is somewhat discussed by counsel for appellee in argument. But the answer was a general denial, and the showing by affidavits of a reasonable ground to believe that evidence could be introduced establishing freedom of defendant from any negligence in connection with injuries to plaintiff's wife was such that, if the motion had been sustained, no complaint on the part of the plaintiff as to the sufficiency of showing of defense could well have been made on appeal.

2. SAME: sufficiency of showing: answer.

It was, of course, not necessary to introduce the evidence which would be relied upon for defendant if the default should be set aside, nor to state in detail what the witnesses for defendant would testify to in support of its defense. In the absence of any knowledge as to the nature of the evidence which was presented for the purpose of securing the judgment on default, we are unable to say that the defense which was offered to be made would not have been sufficient to take the case to a jury.

The sole ground stated by the lower court in the record for overruling the motion to set aside the judgment by default was the absence of a showing of sufficient care and diligence on the part of the attorneys for the defendant with reference to filing an answer on the return day on which default was granted; and it is to the sufficiency of this showing that our attention has been particularly directed. The grounds of the court's action are set out at considerable length in a statement filed by it "in explanation and justification of denying the motion and refusing to disturb the judgment," and we shall consider only the matters therein referred to.

3. Same: diligence: sufficiency of showing.

Within four days after the service of notice on defendant's agent, some one in the legal department at defendant's general offices in Minneapolis requested Mr. Scales, the attorney who had for a number of years been the local representative of the defendant company in Hardin County, to forward to the general attorney of defendant a copy of the petition, and this copy reached the office of the general attorney on January 7th. On the second day afterward an answer drawn by Mr. Phelps, an attorney in the office of the general attorney of defendant, was mailed by him to Mr. Scales for filing in the clerk's office in Hardin County. Had this answer reached its destination in due course of mail, it would in the usual course of business have been filed by Mr. Scales with the clerk on the

11th, and there would have been no default. In this state-ment we are accepting the affidavit of Mr. Phelps as truth-ful. The only reason suggested by the trial judge for doubting the statements therein made is that the answer did not appear to have reached Mr. Scales. It is possible, however, for letters duly mailed not to reach their destina-tion, and we are not disposed to entirely discredit Mr. Phelps' affidavit. If he used reasonable care in attending to forwarding such answer by mail, he exercised due dili-gence, for he resorted to a reasonable means for having an answer on file within proper time. We think that the trial judge could not properly find under the record that reasonable care and diligence were not exercised by Mr. Phelps, acting on behalf of the defendant with reference to placing on file an answer. But, even if Mr. Phelps was negligent, it appears that default would not have been en-tered had not an unexpected and unavoidable difficulty occurred to prevent Mr. Scales from being present on the second day of the term to see that no default was entered. As to this matter, the facts appearing without conflict in the record were: That Mr. Scales, although not generally retained and authorized to appear in every case in the county in which defendant was sued, did have general au-thority to represent the defendant in such sense that he would have been authorized to enter an appearance for it and file an answer; that, if he had been present on the second day of the term when the docket was called, he would have entered appearance for defendant and prevented the taking of a default; that he had left home on the Saturday preceding to attend to business in another state with the intention of returning in time to be in court on the second day of the term, and that the fact of his absence from home was known to counsel on the other side of this case; that he had not charged himself especially with arranging for the filing of an answer in this case, for he assumed, as he had a right to assume, that an

answer would be forwarded from the general attorney's office in Minneapolis either to him or to the clerk for filing; that, by a sudden though temporary illness which overtook him during his absence, his return was delayed so that he did not reach home until the morning after the default was entered; and that prompt action to secure the setting aside of the default was immediately taken. Under these circumstances, we think that the lower court was not justified in holding that Mr. Scales was wanting in reasonable care and diligence in connection with the case. It appears without question on the record that, but for the illness which rendered it impracticable for Mr. Scales to be present on the second day of the term, no default would have been entered.

The setting aside of a default is a matter in which the trial court is vested with a very considerable discretion, and its action in affording an opportunity for a trial on the merits has been sustained wherever there was a reasonable ground for doing so; but it has always been held more strictly to account where it has overruled a motion to set aside a default denying an opportunity for a trial on the merits. *Barto v. Sioux City El. Co.,* 119 Iowa, 179; *Klepfer v. Keokuk,* 126 Iowa, 595; *Douglas v. Badger State Mine,* 41 Wash. 266 (83 Pac. 178, 4 L. R. A. [N. S.] 196).

We reach the conclusion that under the record the trial court was not justified in overruling the motion to set aside the default, and its order is *reversed.*