[Civ. No. 3348.  First Appellate District, Division Two.—November 26, 1920.]

F. W. ENGELKEN, Appellant, v. JUSTICE COURT, etc., et al., Respondents.

[1] PAYMENT—ENFORCED SATISFACTION OF JUDGMENT — INVOLUNTARY CHARACTER.—An enforced satisfaction of a judgment does not constitute voluntary payment.

[2] ID.—DETERMINATION OF QUESTION—CONFLICT OF EVIDENCE—FINDING—APPEAL.—Whether payment of a judgment is voluntary or not depends upon the facts of each particular case as indicating an intention on the part of the payor to waive his legal rights, and the determination of the trial court on conflicting evidence must be upheld on appeal.

[3] JUSTICES' COURTS — DEFAULT JUDGMENT — MOTION TO VACATE — TIME—MISDIRECTED NOTICE TO DEFENDANT.—A mailed notice of

---

1. Recovery of voluntary payments, note, 94 **Am. St. Rep.** 408.

the entry of a default judgment which was misdirected and returned by the postoffice undelivered was not such a notice as is required by section 859 of the Code of Civil Procedure to start the time running within which to move to vacate the judgment for mistake, inadvertence, surprise, or excusable neglect.

APPEAL from a judgment of the Superior Court of Alameda County. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. C. Thomas for Appellant.

Charles Quayle for Respondents.

BRITTAIN, J.—The plaintiff appeals from a judgment of the superior court in Alameda County refusing to prohibit the respondents from proceeding with an action originally commenced in the justice court.

In the justice court suit Engelken, the appellant, sued Manuel Faira in claim and delivery on an assigned claim from one Sanderlock for a nine year old Indian pony. The value of the pony was alleged to be $100. Manuel Faria, not Faira, was served with summons and complaint. The record shows that Sanderlock testified that he worked for Faria and for his work was to receive the pony. Thereupon default judgment was entered, not against Faira, but against Faria, for the pony, or in lieu thereof $100 and costs taxed at seven dollars, on September 26, 1919. Notice of the judgment was immediately mailed by the justice of the peace to Manuel Faira and was thereafter returned by the postoffice undelivered. Execution on the judgment was issued October 2d. On November 7th the constable demanded payment of the judgment on the execution then in his hands for levy and Faria paid the $107, saying at the time to Engelken, who accompanied the constable with his attorney, "This is a hell of a game you are pulling off on me." On the following day Mrs. Manuel Faria called on the justice and was informed in regard to the judgment, and within ten days thereafter Faria filed affidavits with the justice setting forth, among other things, that he was unable to read the English language; that when he was served with the summons and complaint by the constable

he explained his side of the controversy to the plaintiff
he was assured by the plaintiff that he was satisfied San-
derlock had no claim against him, and that he, Faria,
understood from the conversation that nothing further
would be done in the suit; that he had heard nothing fur-
ther in regard to the matter until the constable demanded
payment of the judgment under execution, and that he had
a valid defense to the plaintiff's claim. Counter-affidavits
were filed by the plaintiff denying the statements contained
in the affidavits of Faria. The prohibition proceeding was
commenced in the superior court to prevent the justice of
the peace from setting aside the default judgment.

Only two questions presented require determination.
They are, first, whether or not the payment made by Faria
was voluntary and in complete satisfaction of the judg-
ment, and, secondly, if it was not, whether the justice court
had power to vacate the default judgment under the pro-
visions of section 859 of the Code of Civil Procedure.

[1] A voluntary payment means one made without com-
pulsion and one made on an illegal claim with knowledge of
its illegality or groundlessness. (*Amsden* v. *Danielson,* 19
R. I. 533, [35 Atl. 70]; *Redmond* v. *City of New York,* 125
N. Y. 632, [26 N. E. 727]; *Davis* v. *Kling,* 77 Hun, 598,
[28 N. Y. Supp. 1029].) When payment is made under
species of compulsion it is not voluntary. (*Jones Co.* v.
*Board of Education,* 30 App. Div. 429, [51 N. Y. Supp.
953].) It is the established rule in this state that an en-
forced satisfaction of a judgment does not constitute volun-
tary payment. (*Patterson* v. *Keeney,* 165 Cal. 466, 467,
[Ann. Cas. 1914D, 231, 132 Pac. 1043].) [2] Whether
payment of a judgment is voluntary or not depends upon
the facts of each particular case as indicating an intention
on the part of the payor to waive his legal rights. The
determination of the superior court against the contentions
of the plaintiff on the conflicting evidence presented upon
this subject must be upheld.

[3] Section 859 of the Code of Civil Procedure provides
that a justice's court may relieve a party from a judgment
by default taken against him by his mistake, inadvertence,
surprise, or excusable neglect, "but the application for such
relief must be made within ten days after notice of the
entry of the judgment and upon an affidavit showing good

cause therefor." There is no claim on the part of the plaintiff that any other notice was given Faria than the notice mailed by the justice. That notice was not addressed to Faria, but to Faira. It was not delivered through the postoffice to Faria, but was returned undelivered to the justice of the peace. It is too plain for argument that a notice of a default judgment addressed to a person other than the judgment debtor is not such a notice as is required by section 859 of the Code of Civil Procedure, to start time running within which a motion to vacate the judgment may be made. Faira and Faria are not *idem sonans.* The first notice received by Faria was on the date the execution was presented to him and within ten days of that time he gave notice of motion. It was within time and the justice court had power to hear and determine the questions arising upon his showing of any of the grounds specified in the statute. The writ of prohibition was properly denied.

It is maintained that the appeal should be dismissed because of the failure of the transcript to show that an appeal bond was filed, the appeal being under the old method. A dismissal would have the same effect as an affirmance of the judgment.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 24, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in the supreme court after decision by the district court of appeal of the first appellate district, division two, is denied.

The statement in the opinion of the district court of appeal that "Faira and Faria are not *idem sonans*" is not necessary to the decision and, as we are not prepared to accept it as a precedent, we withhold approval thereof. The decision is fully supported by the facts that the defendant did not in fact receive any notice whatever of the rendition of the judgment, and that the notice sent by mail

was misdirected. The court had discretion in such a case to open the default and allow him to present his defense.

All the Justices concurred.