[Civ. No. 6649. First Appellate District, Division Two.—March 20, 1929.]

JOHN E. BOYLE, as Administrator, etc., Respondent, v. ANNIE T. BOYLE, Appellant.

Roland C. Beesey and Paul A. McCarthy for Appellant.

Thomas T. Califro for Respondent.

KOFORD, P. J.—Defendant appeals from a decree in favor of plaintiff as administrator quieting the title of Hannah Boyle, deceased, to a piece of property in the city and county of San Francisco. The appeal is upon the judgment-roll alone.

The complaint alleged that the deceased at the time of her death, January 18, 1920, was the owner in fee simple

of the property described. It also alleged that on the ninth day of November, 1911, said decedent in her lifetime obtained a decree quieting title against all persons under the provisions of what is commonly known as the McEnerney Act. (Stats. 1906 (Ex. Sess.), p. 78.) It also alleged that plaintiff claimed some right in the property, but that said claim was without foundation. The defendant filed an answer and also a cross-complaint. The findings of the court found nearly all of the cross-complaint to be true, but some of the allegations of the cross-complaint were omitted from the findings, that is, they were neither found to be true nor untrue.

It is the claim of the appellant that, notwithstanding the general findings and conclusion of the court that the Estate of Hannah Boyle, deceased, was the owner in fee simple of the property described, the other findings of the court responding to the allegations of the cross-complaint are such that judgment should have been given for the defendant.

The cross-complaint pleaded that Hannah Boyle obtained the McEnerney quiet title decree without in any manner notifying the appellant. That she did this by mistake and in ignorance of the legal effect of such a decree upon the title of appellant to said property.

We take the facts from the findings of the court. On June 2, 1905, Hannah Boyle, a widow, signed, asknowledged and delivered to appellant, who was her only unmarried daughter and who lived with her during her whole lifetime until the death of her said mother, a deed of gift to said property reserving unto herself a life estate in the same. Following the fire of 1906, which destroyed the public records of the city and county of San Francisco, the decedent obtained the McEnerney decree quieting title, November 9, 1911. The remainder of the findings necessary to be considered are as follows:

"That said Hannah Boyle did all of the things in connection with said suit under and with the advice of competent legal counsel; that said deed to defendant in remainder had not then been recorded, and said Hannah Boyle knew that said deed had not been recorded; that in her affidavit filed in said action said Hannah Boyle did not name this defendant as having any interest in said real property adverse to plaintiff and did not in said affidavit

disclose the existence of said deed of gift to this defendant, but the omission of said Hannah Boyle so to do was not fraudulent; that neither at the time of the commencement of said action by said Hannah Boyle to establish and quiet the title to said property, nor prior thereto, nor subsequent thereto during the pendency of said action, nor for more than one year thereafter, did this defendant know of said action or of the pendency thereof, nor of the entry of any decree establishing said title in said Hannah Boyle; that said Hannah Boyle repeatedly, both before and after the entry of said decree establishing the title to said property, acknowledged to this defendant and to others that said property belonged to this defendant, subject to the life estate of said Hannah Boyle, and repeatedly, both before and after the entry of said decree, requested and exhorted this defendant to record the said deed of gift.

"That during the whole of this defendant's lifetime she resided with said Hannah Boyle, in the City and County of San Francisco, said state, and, as the only unmarried daughter of said Hannah Boyle, this defendant and said Hannah Boyle, her mother, during all of the lifetime of this defendant had intimate and confidential relations with each other, and that at all times after the date of the delivery of said deed from said Hannah Boyle to this defendant, to-wit, the 2nd day of June, 1905, this defendant reposed great confidence in her said mother, the said Hannah Boyle, and therefore refrained from recording said deed of gift during the life of said Hannah Boyle, knowing fully that said Hannah Boyle would not do anything to affect the rights granted to and acquired by this defendant by and through the said deed."

There is no finding of the court with respect to laches or the statute of limitations.

It will be seen from the foregoing that although the mother and daughter resided together in the same house upon intimate and confidential relations with each other that the mother obtained the decree quieting title without any knowledge upon the part of her daughter, but that the omission of the deceased to notify her daughter or in any manner to make her a party to the action was not fraudulent. Those allegations in the cross-complaint, which are not found upon in any way whatever by the court, are to the

effect that the decedent did not understand the effect of the decree upon the unrecorded deed of gift which she had executed to her daughter.

The findings of the court must be reconciled so as to support the judgment if that can be done. Respondent stands strictly upon the McEnerney decree, claiming that thereby, as found by the court, the appellant is estopped from asserting her title under her deed. He has not suggested any theory upon which the findings can be reconciled nor attempted to point out how these probative facts could be true without it also being true that Hannah Boyle obtained the decree against her daughter by mistake. We have been unable to think of any such theory to reconcile the findings. Hannah Boyle must have been laboring under the mistaken belief that her decree would not affect her daughter's title or that her daughter's title would not come into being until after her death or until the deed was recorded. It is a definite fact in this case that during all the proceedings of the McEnerney suit, the daughter was the owner of the property subject only to the life estate of her mother, yet the latter obtained the decree against her daughter without notice and without making her a party, which decree if allowed to stand would have the effect of making the mother the owner in fee, thereby divesting all title from the daughter. This all happened without fraud and while the two were living together upon intimate and confidential relations. There is no rational inference to be drawn from the findings which explains these facts except that of mistake.

The cross-complaint was a direct attack upon the McEnerney decree. (*Follette* v. *Pacific L. & P. Corp.*, 189 Cal. 193 [23 A. L. R. 965, 208 Pac. 295].) If appellant had been kept away from court by fraud of her mother so that she never had her day in court, she would be entitled to equitable relief against the decree for extrinsic fraud. (*United States* v. *Throckmorton*, 98 U. S. 65 [25 L. Ed. 93, see, also, Rose's U. S. Notes]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317]; *Holmes* v. *O'Brien*, 28 Cal. App. 264 [151 Pac. 1151].) Mistake is just as potent as fraud as a ground for such equitable relief against a judgment where that mistake has prevented a defendant from having his

day in court. (*Martin* v. *Parsons*, 49 Cal. 100; *Bacon* v. *Bacon*, 150 Cal. 477 [89 Pac. 317].)

We conclude, therefore, that the findings are irreconcilably in conflict. . The judgment is, therefore, reversed.

Nourse, J., and Sturtevant, J., concurred.