[L. A. No. 18369.   In Bank.   July 23, 1943.]

GLADYS   MEYER   HALLETT,   Respondent,   v.   J.   A.
SLAUGHTER et al., Appellants.

Herbert Gall and Edward Fitzpatrick for Appellants.

David I. Lippert for Respondent.

SCHAUER, J.—Defendants appeal from a decree in equity setting aside and vacating a judgment by default secured against plaintiff in an action filed on April 17, 1940, in the Municipal Court of Los Angeles, and based on an assigned claim for medical services allegedly furnished by Dr. Walter B. Schwuchow (since deceased) to plaintiff and her son. In that action defendants herein, Slaughter and Trigg, as operators of a collection agency named The Doctors Business Bureau, were plaintiffs and plaintiff herein was a defendant. In the instant suit plaintiff herein was also awarded a money judgment against defendants for certain sums which defen-

dants had collected from her by means of levies upon her salary, under the municipal court judgment; enforcement of the municipal court judgment was enjoined; and the municipal court was ordered to permit plaintiff to file her answer in that court within ten days after judgment in the present suit becomes final. Defendant Jennie I. Schwuchow was joined as the widow of Dr. Schwuchow and executrix of his estate. We have concluded that the judgment of the trial court should be affirmed.

It appears from the evidence and was found by the court that on May 23, 1940, plaintiff was served with a copy of the summons and complaint in the municipal court action; that she forthwith employed an attorney to represent her in such action, and her answer to the complaint therein, prepared by her attorney and verified by her, and accompanied by the requisite filing fee, was on May 24, 1940, deposited in the United States mail at Los Angeles, California, enclosed in an envelope with sufficient postage affixed, and directed to the clerk of the Municipal Court of Los Angeles; that on the same day a copy of the answer was mailed to the attorney for plaintiffs in the municipal court action (defendants herein); that neither the original nor the copy of the answer was received by the respective addressees or returned to this plaintiff's attorney, but both were lost; that plaintiff and her attorney believed the answer was on file. On June 4, 1940, the default of plaintiff herein was entered in the municipal court action, and on December 27, 1940, judgment by default was taken against her.

Early in January, 1941, execution was levied upon plaintiff's salary. This was the first knowledge received by either plaintiff or her attorney that her answer had not reached the clerk of the court and had not been filed, that her default had been entered, and that judgment had been taken against her. Plaintiff sought release of her salary by filing a claim of exemption under the provisions of section 690.11 of the Code of Civil Procedure; but before the claim was heard by the court plaintiff stipulated with the judgment creditors that they take half of the money under levy and that she receive the other half. Early in February, 1941, defendants levied upon plaintiff's salary a second time, and plaintiff stipulated that they take $50 of the amount held. On February 24, 1941, plaintiff filed this suit. A third salary levy was made in March, 1941; plaintiff again filed a claim of exemption; and

after a hearing the court ordered that plaintiff was entitled to half the money and that defendants take the other half.

The trial court further found that plaintiff has a meritorious defense to the municipal court action but that, by the accidental loss of her answer and the mistaken belief on her part and on the part of her attorney that the answer was on file, she was prevented from setting up such defense; that the loss of the answer and the mistaken belief that it was on file were "not due to any fault or neglect" of plaintiff or of her attorney; that they "had the right to rely on the United States Post Office" to transmit the answer as directed; that plaintiff was diligent in bringing the present suit and was not guilty of laches; and that plaintiffs in the municipal court action (defendants herein) willfully and with the intent to lull this plaintiff into a false sense of security, refrained from proceeding in that action until plaintiff's rights under section 473 of the Code of Civil Procedure were barred by lapse of time, although "they knew that plaintiff's . . . salary payments were vulnerable to such proceedings."

Defendants' contentions are four:

1. That the evidence fails to support the finding that plaintiff's answer and the copy thereof were mailed (as set forth above).

2. That by her stipulation made for the purpose of securing the release of her salary held under levy of execution, and by her affidavit of exemption made following the March salary levy and after the present suit was filed, plaintiff ratified and confirmed the municipal court judgment and is now estopped to attack it.

3. That plaintiff is guilty of neglect, of laches, and of want of diligence, and therefore is not entitled to equitable relief.

4. That plaintiff failed to show that she has a meritorious defense and that a new trial would result in a judgment more favorable to her.

■ As to defendants' first contention, the attorney employed by this plaintiff to defend her in the municipal court action testified that on May 24, 1940, he handed plaintiff's answer and a copy thereof, together with the filing fee, to his secretary, and instructed her to mail the original answer and the filing fee to the clerk of the municipal court and to mail the copy to opposing counsel. The secretary testified that she did not recall the matter, but that if the papers had been

given her to mail, then she had mailed them, and that she knew "there was sufficient postage because we had a scale. I couldn't go wrong in that." This testimony supports the finding that the papers were mailed.

■ Defendants' second contention is answered by the rule, well settled in California, that the enforced satisfaction of a judgment does not deprive the judgment debtor of the right to appeal or to seek to have the judgment vacated or set aside. (See 14 Cal.Jur. 1018, sec. 84, and cases there cited; *Engelken* v. *Justice Court* (1920), 50 Cal.App. 157, 159 [195 P. 265]; and *Hartke* v. *Abbott* (1930), 106 Cal.App. 388, 391-393 [289 P. 206].) Plaintiff's stipulations went no further than to specify the amount which was to be paid each of the respective parties to the judgment from the money held under levy, and contain no suggestion of a compromise agreement, of an affirmance of the judgment, or of a waiver of the right to attack it. They were made for the sole purpose of securing a prompt release to plaintiff of a portion of the money, and cannot now be held to defeat her right to maintain this suit. The same is true of plaintiff's affidavit claiming exemption of her salary held under the levy made in March; the claim of exemption and the subsequent court hearing thereon were involuntary steps forced upon plaintiff in the same manner as were the stipulations.

■ Defendants' third point—that because of neglect, laches, and want of diligence plaintiff may not seek relief from equity—is met by the findings of the trial court to the contrary on each of these issues. Although some degree of negligence may be charged to the attorney employed by this plaintiff to defend her in the municipal court action in not sooner discovering that plaintiff's answer had not been filed, we are not prepared to say that his remissness in this regard amounts to such inexcusable neglect as a matter of law that plaintiff should be foreclosed of her right to maintain this suit. Moreover, plaintiff's delay in discovering the entry of her default was due in part at least to the apparently designed and deliberate failure of defendants to take earlier action to secure and enforce their judgment. We are in accord with the following views set forth in *Soule* v. *Bacon* (1907), 150 Cal. 495, 497-498 [89 P. 324] : "There are many cases holding that the party may have relief in equity from the consequences of his mistake of fact, although he was somewhat negligent in making the mistake, if his negligence in no way

prejudiced the opposing party. [Citations.] . . . At most, it was a question of fact for the court below to determine whether or not the lack of vigilance on the part of the plaintiff was such as would not have occurred with a man of ordinary care and prudence, under the same circumstances. That court has decided the question in favor of the plaintiff, and we are satisfied with its conclusion.''

■ Plaintiff was prevented by extrinsic accident and mistake of fact from presenting her defense in the municipal court action. That such accident and mistake furnish a ground for equitable intervention under the circumstances of this case is clear. (See *Bidleman* v. *Kewen* (1852), 2 Cal. 248, 250; *Bibend* v. *Kreutz* (1862), 20 Cal. 109, 110, 114; *Brackett* v. *Banegas* (1897), 116 Cal. 278, 284 [48 P. 90, 58 Am.St.Rep. 164]; *Bacon* v. *Bacon* (1907), 150 Cal. 477, 481, 486, 491 [89 P. 317]; *Wattson* v. *Dillon* (1936), 6 Cal.2d 33, 40 [56 P.2d 220]; *Olivera* v. *Grace* (1942), 19 Cal.2d 570, 578 [122 P.2d 564, 140 A.L.R. 1328]; *Boyle* v. *Boyle* (1929), 97 Cal.App. 703, 706 [276 P. 118]; *Jeffords* v. *Young* (1929), 98 Cal.App. 400, 404 [277 P. 163]; *Winn* v. *Torr* (1938), 27 Cal.App.2d 623, 627 [81 P.2d 457]; *Wilson* v. *Wilson* (1942), 55 Cal.App. 2d 421, 426 [130 P.2d 782].)

■ This suit was commenced within a few weeks after plaintiff learned of the mistake and has been diligently prosecuted by her. In addition, defendants have not shown that they have suffered injury as a result of the delay before plaintiff knew of the mistake (a delay which, as mentioned above, was caused in part by defendants' own conduct), and therefore one element of laches is missing. (See 10 Cal.Jur. 530, sec. 68, and cases there cited.)

■ The fourth contention of defendants—that plaintiff failed to show a meritorious defense—is also without foundation. Among the facts alleged by plaintiff by way of defense to the municipal court action are: that a major portion of the account there sued upon was for services to her son, Eugene, at a time when he was a minor, rather than to herself, and that for such services her obligation to the doctor, if any, was as guardian of the estate of her son, rather than individually; that the charges for such services ''had been barred by the statute of limitations''; that the doctor had released and discharged her from all liability prior to commencement of the municipal court action; that her obligation to the doctor, if any, had been discharged in bankruptcy; and that neither she

nor her son had been acquainted with the doctor or under his care during certain months covered by the account. Proof of even a portion of these allegations would result in a judgment in the municipal court action which would be more favorable to this plaintiff than that which was entered by default. As stated in *Olivera* v. *Grace* (1942), *supra,* 19 Cal.2d 570, 579, "The requirement that the complaint allege a meritorious case does not require an absolute guarantee of victory." The same observation may be made concerning the proof produced by plaintiff in support of her allegations; she need only show with reasonable certainty that she would emerge in a more favorable position. (See 15 Cal.Jur. 29, sec. 128, and cases there cited.) The trial court heard the testimony of plaintiff and concluded that she has a meritorious defense to the municipal court action and that "if the judgment therein is set aside it appears that a like judgment would not follow; that on the contrary it is reasonably certain that a judgment more favorable to this plaintiff would result." Such a showing is all that is required of plaintiff in order to secure equitable intervention and an opportunity for a full hearing on the merits. To require in this suit complete proof in establishment of her defenses would render idle the act of conducting a trial on the merits in the municipal court action.

The judgment is affirmed.

Shenk, J., Curtis, J., and Carter, J., concurred.

TRAYNOR, J.—I dissent.

The present action is an independent suit in equity commenced after the expiration of the time for relief under section 473 of the Code of Civil Procedure. (*Title Ins. & Trust Co.* v. *King etc. Co.,* 162 Cal. 44 [120 P. 1066]; *Hunt, Mirk & Co., Inc.* v. *Hesperides Mining Co.,* 200 Cal. 382 [253 P. 317]; *Knox* v. *Superior Court,* 100 Cal.App. 452, 454 [280 P. 375].) The remedy afforded by section 473 is akin to the common law power of courts to vacate their own judgments during the term they were rendered. (*Olivera* v. *Grace,* 19 Cal.2d 570, 574 [122 P.2d 564, 140 A.L.R. 1328].) For the most part the cases cited by plaintiff granting relief for the loss or delay of a pleading in the mails arose under statutes different from those existing in this state and involved requests for such relief made in the same action shortly after the entry of the default. (*Chicago etc. Co.* v. *Eastham,* 26 Okla. 605 [110 P. 887; 30 L.R.A.N.S. 740]; *Boyd* v. *Williams,*

70 N.J.L. 185 [56 A. 135]; *Norman* v. *Iowa Central Ry. Co.,* 149 Iowa 246 [128 N.W. 349]; *Corning* v. *Tripp,* (N.Y.) 1 How.Pr. 14; *Loeb* v. *Schmith,* 1 Mont. 87; *Williams* v. *Richmond etc. Co.,* 110 N.C. 466 [15 S.E. 97].) It is not enough now for plaintiff to show that the judgment was taken against her through a "mistake, inadvertence, surprise or excusable neglect" that would have entitled her to relief under the provisions of section 473 had she made timely application therefor. (*Olivera v. Grace, supra.*) She must prove that because of extrinsic fraud or mistake she had no reasonable opportunity to present her defense (*Olivera* v. *Grace, supra; Westphal* v. *Westphal,* 20 Cal.2d 393, 397 [126 P.2d 105]; *Neblett* v. *Pacific Mutual L. Ins. Co., ante,* pp. 393, 397-398 [139 P.2d 934]; *Larrabee* v. *Tracy,* 21 Cal.2d 645, 649 [134 P.2d 265]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 P. 317]; see Restatement, Judgments, secs. 118-126), and that she has not been negligent in failing to discover the fraud or mistake. (*Wattson* v. *Dillon,* 6 Cal.2d 33 [56 P.2d 220]; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 427 [130 P.2d 782], and cases there cited.)

The plaintiff has not shown that defendants are guilty of fraud. The trial court's finding that defendants, with intent to lull plaintiff into a false sense of security, wilfully refrained from undertaking any proceedings in the action until more than six months after the entry of default, is not a finding of fraud, for defendants owed plaintiff no duty to notify her of the entry or to inform her of her legal rights. (Code of Civ. Proc., secs. 585, 1010, 1014; *Bley* v. *Dessin,* 31 Cal.App.2d 338, 343 [87 P.2d 889]; *Trustees of Amherst College* v. *Allen,* 165 Mass. 178 [42 N.E. 570].) Defendants did nothing to deceive plaintiff, nor were they in any way responsible for the loss of plaintiff's answer or for her belief that it had been filed. (See *Wattson* v. *Dillon,* 6 Cal.2d 33, 42-43 [56 P.2d 220].) They had a clear legal right to delay the entry and enforcement of the judgment and their motive in doing so is immaterial. Plaintiff herself rejects fraud as the basis of her action by characterizing the action in her brief on appeal as one "to set aside a default judgment obtained . . . as a result of mistake and accident."

The mistake in the present case was the erroneous belief of plaintiff and her attorney in the earlier action that her answer was on file, prompted by the failure of the attorney to file an answer with the clerk of the court. (Code of Civ. Proc. sec. 465.) One who is remiss in presenting his case to the court,

however, is not entitled to the extraordinary remedy of setting aside a final judgment. (*Wattson* v. *Dillon, supra; Wilson* v. *Wilson, supra; Borland* v. *Thornton,* 12 Cal. 440; *Quinn* v. *Wetherbee,* 41 Cal. 247; Restatement, Judgments, secs. 1, 126.) Admittedly the answer was never delivered to the clerk, but plaintiff contends that it was mailed and that she was not responsible for its accidental loss. Mailing, however, is not equivalent to filing. (*McDonald* v. *Lee,* 132 Cal. 252 [64 P. 250]; *Estes* v. *Chimes,* 40 Cal.App.2d 41 [104 P.2d 74]; see *United States* v. *Lombardo,* 241 U.S. 73 [36 S.Ct. 508, 60 L.Ed. 897]; *Poynor* v. *Commissioner of Internal Revenue,* 81 F.2d 521, 522.) "Filing a paper consists in presenting it at the proper office, and leaving it there, deposited with the papers in such office. . . . A paper in a case is said to be filed when it is delivered to the clerk and received by him, to be kept with the papers in the cause." (*Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501, 506; see *Cox* v. *Tyrone Power Enterprises,* 49 Cal.App.2d 383, 395 [121 P.2d 829].) It is the duty of a litigant to see that his pleading is in fact deposited in the clerk's office within the time contemplated by law. (*Tregambo* v. *Comanche M. & M. Co., supra; Boyd* v. *Desmond,* 79 Cal. 250, 253 [21 P. 755]; *Hoyt* v. *Stark,* 134 Cal. 178, 180-181 [66 P. 223, 86 Am.St. Rep. 246]; *Fletcher* v. *Maginnis,* 136 Cal. 362, 363 [68 P. 1015]; *W. J. White Co.* v. *Winton,* 41 Cal.App. 693, 695 [183 P. 277].) When he engages an attorney, the latter becomes his agent in prosecuting the suit and must on his behalf perform the duties that the law imposes upon a litigant, and the attorney's failure to do so is chargeable to his client. (*Wilson* v. *Wilson, supra; United States* v. *Duesdieker,* 118 Cal.App. 723 [5 P. 2d 916]; *Jeffords* v. *Young,* 98 Cal. App. 400 [277 P. 163]; see 14 Cal.Jur. 1042-1043; 34 C.J. 307-309; 1 Freeman on Judgments (5th Ed.), p. 495.) Thus if an attorney fails to file an answer (*Borland* v. *Thornton, supra*), or fails to find and correct an error in the record on appeal (*Quinn* v. *Wetherbee, supra*), equity will deny the client's application to set aside the judgment. Cases such as *Brackett* v. *Banegas,* 116 Cal. 278 [48 P. 90, 58 Am.St.Rep. 164], and *Winn* v. *Torr,* 27 Cal.App. 2d, 623 [81 P.2d 457], were not suits in equity to set aside a final judgment but actions to foreclose a mortgage, and rest upon the principle that since a mortgagee is entitled to an effectual foreclosure he is not precluded from bringing a new action to foreclose his lien by an earlier suit that failed of that purpose.

Cases in which the court or its attachés (*Sullivan* v. *Lumsden*, 118 Cal. 664, 668-669 [50 P. 777]; *Herd* v. *Tuohy*, 133 Cal. 55, 62-63 [65 P. 139]), or the other party (*Olivera* v. *Grace, supra; Boyle* v. *Boyle*, 97 Cal.App. 703 [276 P. 118]; *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317]; *Soule* v. *Bacon*, 150 Cal. 495 [89 P. 324]; *Bidleman* v. *Kewen*, 2 Cal. 248; *Bibend* v. *Kreutz*, 20 Cal. 109; *Antonsen* v. *Pacific Container Co.*, 48 Cal.App.2d 535, 538-539 [120 P.2d 148]) is responsible for the mistake are of no avail to plaintiff, for the mistake was solely that of plaintiff and her counsel. Equity will in certain cases relieve a complainant from an adverse judgment resulting from his own mistake (see *Jeffords* v. *Young, supra*), but it will not relieve him if he fails to present his case with the diligence required of a litigant. (*Wilson* v. *Wilson, supra; Borland* v. *Thornton, supra; Wattson* v. *Dillon, supra; Quinn* v. *Wetherbee, supra*.) Defendant assumed the risk that her answer might not reach the clerk of the court when it was sent to him by mail. As time passed there was no acknowledgment of the copy sent to opposing counsel, or any other sign to indicate that either the answer or the copy had been received, but nothing was done to ascertain whether the answer had in fact been delivered to the clerk. After six months had elapsed following the entry of default, plaintiff's attorney had still made no inquiry as to the progress of the case or as to whether the answer had been filed, nor did he examine the records of the case on file in the office of the clerk. The attorney's office was only a few blocks from the courthouse and he could readily have checked the records in the clerk's office. Even a telephone inquiry would have disclosed the true status of the case. Plaintiff must be charged with his failure to ascertain whether the answer had been filed. (*Wattson* v. *Dillon, supra; Rudy* v. *Slotwinsky*, 73 Cal.App. 459 [238 P. 783].)

In my opinion the trial court erred in setting aside the judgment of the municipal court, and also erred in granting plaintiff judgment for the sums collected by the defendants. The judgment should therefore be reversed.

Edmonds, J., concurred.

Appellants' petition for a rehearing was denied August 19, 1943. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a rehearing.