[Civ. No. 30376.   Second Dist., Div. One.   Nov. 16, 1966.]

JOSEPH PERRY et al., Plaintiffs and Appellants, v. BOYD ZABRISKIE et al., Defendants and Respondents

P. Basil Lambros and Samuel Z. Winnikoff for Plaintiffs and Appellants.

Mantalica, Barclay & Teegarden and Lewis C. Teegarden for Defendants and Respondents.

LILLIE, J.—Invoking the court's equity power, plaintiffs Perry commenced this action in May of 1965 to set aside a default judgment obtained by the defendants Zabriskie in February of that year involving the sale of a business assertedly obtained by fraud; their default had previously been taken in December of 1963. The gist of the present proceeding is that plaintiffs were lulled into a sense of false security by an attorney for the Zabriskies in the former action; thus, acting on his representations to their then attorney that matters would be held in abeyance until written demand for an appearance was made, they and their counsel did nothing to contest the Zabriskies' claims, and no adversary hearing was had. The Zabriskies moved for summary judgment, as did plaintiffs. The court granted the Zabriskies' motion, its minute order noting that (1) no fraud or mistake kept plaintiffs from presenting their defense, (2) they should have moved for relief in the former action and (3) plaintiffs knew of the default judgment within time to appeal. Plaintiffs appeal from the judgment entered herein.

The governing law is well established. ▪ A summary judgment is proper only if (1) the affidavits in support of the moving party are sufficient, strictly construed, to sustain a judgment in his favor and (2) the affidavits filed in opposition, liberally construed, do not show facts deemed sufficient by the court hearing the motion to present a triable issue. (*Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412,

417-418 [42 Cal.Rptr. 449, 398 P.2d 785].) Plaintiffs complain that unfair advantage was taken of their counsel by an attorney for the Zabriskies which prevented them from having a full and fair adversary trial with respect to the matters embraced in the prior proceeding which was commenced in December of 1962. According to the complaint in the present action, the 1962 suit sought damages for fraud in the sale of stock in a corporation; in June of the following year (1963) an amended complaint was filed which asked for other relief, including "restitution for fraud" and the declaration of a constructive trust. Summons on the amended complaint was allegedly issued on June 27, 1963, and service of the summons and amended complaint had on plaintiffs (defendants therein) by serving copies thereof on Stanley C. Poster, plaintiffs' attorney. Thereafter Poster communicated with the attorney for the Zabriskies and orally received from him "an open extension of time to and including notice from said attorney for plaintiffs therein (defendants herein) to answer said complaint." There then follow allegations of the taking of the default, despite the oral agreement to the contrary, without notice to Poster and the entry of the default judgment (February 15, 1965) more than six months later, thus depriving plaintiffs here of an opportunity to invoke the provisions of section 473, Code of Civil Procedure. The complaint further alleges that plaintiffs first learned of the above judgment in April of 1965 at which time their attorney immediately, but unsuccessfully, asked opposing counsel for a stipulation setting it aside. The pleading concludes with allegations that plaintiffs have no other remedy available to them and that they have a good defense to the action, the particulars of such defense being set forth in some four respects.

In support of the Zabriskie motion for summary judgment, there were two declarations filed—each by an attorney representing the moving parties. The first, by Mr. Jeffers, denied that he had given Poster the "open extension" referred to in the complaint and stated that he had called Poster several times in order to secure the filing of an answer to the amended complaint; thereafter, he declared, Poster's clients were personally served on November 14 and 17 (respectively), 1963. The second, by Mr. Teegarden, stated that he was substituted in Mr. Jeffers' stead and thereafter secured the default judgment; acknowledging receipt of the telephone call from plaintiffs' substituted counsel (Mr. Lambros) regarding a stipulation to set aside the judgment, he based his refusal to do so on

the hardship which would result to the Zabriskies as a result of subsequent developments, including the opening of an escrow for the sale of the subject property. Finally, the Teegarden declaration pointed out that the time for appeal from the judgment had not expired as of the date the instant action was commenced.

An opposing declaration was filed by Poster in which he renewed the assertion that an ''open extension'' was given him by Jeffers. A declaration in opposition was also filed by Mr. Perry, one of the plaintiffs, in which a statement is made particularizing his defenses to the complaint in the former action.

The appellate determination in this case must accord recognition to the case-made principle that since the affidavits of the moving party (the defendants in this case) should be strictly construed and those of his opponent liberally construed, ''the better rule is that the facts alleged in the affidavits of the party against whom the motion is made must be accepted as true, and that such affidavits to be sufficient need not necessarily be composed wholly of strictly evidentiary facts. [Citation.]'' (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264].) In accord: *American Cas. Co.* v. *Curran Productions, Inc.,* 212 Cal.App.2d 386, 390 [28 Cal.Rptr. 131]; *Vallejo* v. *Montebello Sewer Co. Inc.,* 209 Cal.App.2d 721, 730-731 [26 Cal.Rptr. 447]. That being so, at this stage of the proceedings we must hold that an extension of time was in fact given by Jeffers to Poster, that the latter relied thereon and that by reason of such reliance the default judgment sought to be vacated was in due time secured and entered. There is the further question whether these circumstances entitle plaintiffs to the protection obtainable in a proper case under the broad equity powers possessed by the court and presently invoked. We hesitate to declare that Mr. Jeffers purposefully brought about the instant situation by stratagems and unconscionable conduct in violation of the amenities that should govern opposing counsel or with a disregard of the canons of the profession. (See *Bernath* v. *Wilson,* 149 Cal.App.2d 831, 835 [309 P.2d 87].) But, as stated in *Galper* v. *Galper,* 162 Cal.App.2d 391, 397 [328 P.2d 487], where ''realizing that circumstances not amounting to extrinsic fraud, but of a serious nature for which defendant was not responsible and which prevented him from being heard, may exist to create an injustice, our courts in a limited number of situations have exercised their 'inherent power and

jurisdiction' to relieve the defaulting party from a judgment where it is probable that an injustice has resulted. The courts have labeled such situations 'extrinsic accident' and 'mistake of fact' but in doing so, have made it plain that the lack of vigilance on the part of the person seeking to be relieved must be such as would not have occurred with a man of ordinary care and prudence under the circumstances. [Citations.]''

Cited in *Galper* for the above observations are *Hallett* v. *Slaughter*, 22 Cal.2d 552 [140 P.2d 3], and *Bartell* v. *Johnson*, 60 Cal.App.2d 432 [140 P.2d 878]. Both, it would seem to the text writer (3 Witkin, Cal. Procedure (1954) p. 2123), are irreconcilable with still another ground upon which summary judgment was granted here, namely, plaintiffs' failure to appeal from the original judgment although time to do so still remained; at least one case, *Harpke* v. *Lankershim Estate*, 101 Cal.App.2d 49 [224 P.2d 899], so holds upon the theory that the moving party has not exhausted the legal remedies available to him. In *Hallett*, on the other hand, the default judgment was entered on December 27, 1940, and the complaint for equitable relief was filed on February 4, 1941, well within the prescribed period for the taking of an appeal. ▇ But, as further pointed out in *Galper* (again citing *Hallett*), ''although 'extrinsic accident and mistake of fact' may, in some situations, be a proper basis for the exercise of a court's equitable jurisdiction to vacate a default judgment more than six months after entry of default, whether such a condition exists is a question of fact depending entirely upon the particular circumstances in each case.'' (P. 397.) ▇ One such circumstance for the trial court's consideration, as shown in *Hallett*, is that the party opposing the motion (or action) will not be prejudiced by the granting of the relief. (22 Cal.2d 552, 556-557.) The declaration of Mr. Teegarden, which is not controverted, states in part that ''Subsequent to the entry of the judgment on February 15, 1965, Mrs. Zabriskie entered into a contract for the sale of the real property involved in this action and entered into an escrow, which sale has now been held up as a result of the action filed herein by the plaintiffs and the filing of a lis pendens on said property.''

This latter fact, coupled with the not unreasonable conclusion that plaintiffs failed to exercise due diligence in the prosecution of the instant action, justified the determination reached below. ▇ While the law unquestionably favors trial of actions on the merits, proceedings of the kind before

us are addressed to the sound discretion of the court below which will not be disturbed in the absence of a clear showing to the contrary. ▆ Thus, although under our summary judgment procedure extrinsic accident or mistake contributed to the judgment sought to be vacated, under the same procedure plaintiffs have not established the other conditions to the relief they seek.

▆ Further, although unnecessary to this decision, the trial court erred in holding that plaintiffs should have moved for relief in the former case; relief by motion in the original action is a method *alternative* to that elected by plaintiffs here (3 Witkin, Cal. Procedure (1954) pp. 2122-2123).

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.