[Civ. No. 4687.  Second Appellate District, Division Two.—June 5, 1924.]

## GEORGE M. WHEELOCK, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] DIVORCE—FINAL DECREE—MOTION TO VACATE—TIME LIMITATION.— Under section 473 of the Code of Civil Procedure, a motion for an order vacating and setting aside a final decree of divorce, on the ground that it was entered through mistake, inadvertence, surprise or excusable neglect, must be made and the action of the court requested upon it within six months from the entry of such final decree, and it is not sufficient that notice of the motion be given within the six month period.

[2] ID.—FRAUD—INHERENT JURISDICTION — UNREASONABLE DELAY.—If the motion which was finally made to respondent court more than seven months after the entry of the final decree of divorce be regarded as one invoking the inherent power of the court to set aside orders and judgments procured through fraud, irrespective of the provisions of section 473 of the Code of Civil Procedure, it was unseasonably late.

(1) 19 C. J., p. 171, sec. 425.   (2) 19 C. J., p. 171, sec. 424.

PROCEEDING in Prohibition to restrain the Superior Court of San Diego County from vacating a final decree of divorce. S. M. Marsh, Judge. Peremptory writ granted.

The facts are stated in the opinion of the court.

Harold C. Morton for Petitioner.

Stickney & Stickney for Respondents.

WORKS, J.—Petitioner was defendant in a divorce action pending before respondent court, in which an interlocutory decree of divorce was entered in favor of the plaintiff, Mary Katherine Wheelock, on April 8, 1922, and in which, on Mrs. Wheelock's motion a final decree was entered on

1.  See 14 Cal. Jur. 1011, 1018; 9 Cal. Jur. 744.

2  Power of court to vacate divorce decree for fraud, note, 18 Ann. Cas. 1002. See, also, 14 Cal. Jur. 1032; 9 Cal. Jur. 748; 9 R. C. L. 449.

June 14, 1923. On December 14, 1923, which it will be observed, was exactly six months after the date of entry of the final decree, Mrs. Wheelock filed in the office of the clerk of respondent court, under the title of the divorce action, a certain paper which was headed ''Motion.'' This paper began thus: ''Comes now the plaintiff . . . and moves the above entitled Court for an Order setting aside and vacating the Final Decree of Divorce heretofore entered in the above entitled cause on the 14th day of June, 1923, separating the parties hereto, on the following grounds and for the following reasons and particulars, to wit'': the grounds of the motion then being set forth. In brief, they were that the parties to the action had resumed their marital relations on or about June 9, 1922, and had continued those relations up to the date of entry of the final decree of divorce; that on June 9, 1922, they entered into an agreement to remarry after the granting of a final decree in the action; that they both believed that the entry of a final decree was a necessary prerequisite to a valid remarriage; that Mrs. Wheelock made her application for a final decree solely because of that belief, and that on the entry of the final decree Wheelock abandoned her and refused to comply with his agreement to remarry her. The motion was neither called to the attention of respondent court, nor was petitioner in this proceeding ever given notice of it, nor did he have notice of it, except at the time and in the manner below to be stated. The motion was accompanied by no affidavits, and referred to none, but on December 19, 1923, an affidavit of Mrs. Wheelock in apparent support of it was filed in the office of the clerk of respondent court, and on January 10, 1924, several affidavits of other persons were also filed by her. None of these affidavits was ever served on petitioner, except that the affidavit of Mrs. Wheelock was served as hereinafter stated. On January 23, 1924, a notice of motion, dated January 14, 1924, was served on petitioner, notifying him that on January 28, 1924, Mrs. Wheelock would call up for hearing the motion theretofore filed by her and stating the purport of the motion. It was also said in the notice that the motion would be made upon the affidavit of Mrs. Wheelock and that a copy of the motion and a copy of that affidavit were attached to the notice. On January 28, 1924, in open court, Mrs. Wheelock made a motion to vacate and set aside

the final decree, and petitioner then objected to respondent court hearing or considering the motion on the ground that the court had no jurisdiction to hear or consider it, more than six months then having elapsed after the entry of the final decree. Notwithstanding the objection the court proceeded with a hearing of the motion and thereupon petitioner presented to this court his petition in this proceeding, alleging that respondent court, unless restrained from doing so, would enter its order vacating the final decree. The alternative writ issued and the proceeding is now before us upon the question whether the writ shall be made peremptory.

[1] Section 473 of the Code of Civil Procedure provides that a party may be relieved "from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; provided that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken." If Mrs. Wheelock's motion to set aside the final decree of divorce be deemed to have been made under this section, it came too late. The mere filing of a motion with the clerk of the court was not the "application" contemplated by the section. No application was actually made until when, on January 28, 1924, one month and two weeks after the six months' period following the entry of the final decree, Mrs. Wheelock made her motion in open court. "As a motion for relief, predicated upon the provisions of section 473 of the Code of Civil Procedure, the motion having been made more than six months after the date of the judgment, the court should have refused to entertain it. (*People* v. *Ah Sam,* 41 Cal. 645; *Spencer* v. *Branham,* 109 Cal. 337 [41 Pac. 1095]; *Estate of Eikerenkotter,* 126 Cal. 54 [58 Pac. 370].) It is not sufficient that notice shall be given within the six months that a motion will be made after the six months. The motion itself must be made and the action of the court requested on it within the six months" (*In re Morehouse,* 176 Cal. 634 [169 Pac. 365]).

[2] If the motion which was finally made to respondent court be regarded as one invoking the inherent power of a court to set aside orders and judgments procured through fraud, irrespective of the provisions of section 473, although

we do not decide that it may be so regarded, the law is equally plain that it was unseasonably late. This point is mentioned because of certain language in the opinion of the supreme court in *Ex-Mission L. & W. Co* v. *Flash,* 97 Cal. 610, 631 [32 Pac. 600]. Waiving the question whether Mrs. Wheelock's motion was of the kind mentioned in that case, and conceding for the sake of argument that it was, the fact that it was not made in time is established by many decisions of the supreme court, although the expression in *Ex-Mission L. & W. Co.* v. *Flash* impels toward the contrary view. In a comparatively early case such a motion as the one now under consideration was regarded as coming strictly within the terms of section 473, but as the decision had to do with a case of fraud, we deem it not unworthy of note here. The court said "The application must be made within six months, even though the 'mistake, inadvertence, surprise or excusable neglect' has been caused or brought about by fraud practiced by the party in whose favor the judgment or proceeding was taken. After that period, the question of 'mistake,' etc. (whatever the remedy in equity), cannot be tried by affidavit" (*Wharton* v. *Harlan,* 68 Cal. 422 [9 Pac. 727].). The language just quoted draws attention to a peculiar condition evident in the present case. The fraud claimed here was not committed by the "party in whose favor the judgment or proceeding was taken," but by the other party against that party. The final decree of divorce was in favor of Mrs. Wheelock. It is she who claims to have been defrauded into moving for the entry of the decree. This circumstance does not affect the principle now involved, except to show that there is not here present any question whatever of a fraud upon the court granting the decree, and it is for that purpose that it is mentioned. It has frequently been in instances in which a fraud was practiced upon the court itself that the power has been invoked to set aside judgments or orders, without reference to the provisions of section 473. We return to the decisions. In a case in which a judgment had been set aside on motion made several years after its rendition, and not made pursuant to the terms of section 473, it was said that "what is a reasonable time within which a motion may be made is to set aside a judgment, not void upon its face, must depend somewhat upon the circumstances of each particular case, and it is

not definitely determined further than that it will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure" (*People* v. *Temple,* 103 Cal. 447 [37 Pac. 414]). The supreme court said in an opinion dealing with a motion not made under section 473: "After the expiration of six months from its rendition a judgment can only be set aside upon motion in cases where it is upon its face absolutely void for want of jurisdiction of the subject matter or of the person of the defendant" (*People* v. *Dodge,* 104 Cal. 487 [38 Pac. 203]). "In the case before us," a case of fraud by one of the parties against the other, "the application was undoubtedly made under section 473, but that fact alone should not deprive respondent of his relief outside this section, if the showing entitles him to it. We think, however, the rule is, and should be, that where the judgment does not show on its face that it is void, and the motion is not made under and within the time prescribed by that section, the party should be remitted to his equitable action" (*Young* v. *Fink,* 119 Cal. 107 [50 Pac. 1060]). We refrain from further quotation, but cite several other cases bearing more or less directly upon the point under discussion: *Dyerville Mfg. Co.* v. *Heller,* 102 Cal. 615 [36 Pac. 928]; *May* v. *Hatcher,* 130 Cal. 627 [63 Pac. 33]; *Canadian and A. M. & T. Co.* v. *Clarita L. & I. Co.,* 140 Cal. 672 [74 Pac. 301].

We do not follow respondents in the several specific arguments which are advanced in their brief. The general views which we have expressed afford an answer to every point made.

A peremptory writ of prohibition will issue as prayed for.

Finlayson, P. J., and Craig, J., concurred.