[L. A. No. 9436.   Department One.—September 18, 1928.]

J. W. ROGERS, Appellant, v. FRANK SCHNEIDER et al., Respondents.

D. Chase Rich for Appellant.

Fred E. Peterson for Respondents.

SEAWELL, J.—This is an appeal by plaintiff from an order setting aside, upon motion of defendants, a default

judgment entered in plaintiff's favor. The action was one whereby plaintiff sought to recover an unpaid balance of ten thousand three hundred dollars alleged to be due him on a contract made with defendants for the alteration of an apartment house owned by defendants, and to foreclose a mechanic's lien on said property for said balance.

The uncontroverted evidence introduced in the court below, upon the hearing of the motion to set aside the judgment obtained by default against the defendants, discloses a singular and unwarranted course of conduct pursued by appellant against his adversaries, the respondents herein. The record shows that the complaint was filed in court below on April 5, 1926. A copy of the complaint and summons was never served upon the defendants (respondents) but a copy of the complaint and summons was mailed by appellant's attorney, D. Chase Rich, to respondents' attorney, Fred E. Peterson, and received by the latter on April 6, 1926. Inclosed in the same envelope containing a copy of the complaint and summons, appellant's attorney addressed the following letter to respondents' attorney, omitting the formal parts:

"As per my conversation with your partner yesterday, I enclose herewith summons and complaint in Superior Court case No. 193287, J. W. Rogers v. Frank Schneider, et al. Your partner stated over the telephone that upon receipt of the summons and complaint that you would enter a formal appearance for your clients."

On April 14, 1926, said attorney for defendants (respondents) made an affidavit to obtain the examination of the plaintiff by deposition, as provided by the Code of Civil Procedure, section 2021, and for an order to inspect the original contract upon which the pending action was based, which was averred to be in the possession of plaintiff. After setting forth in the application for the order the title of the court and cause, the caption of the particular proceeding, designated "Affidavit for Subpoena Taking Deposition," appeared immediately thereunder. The first sentence of the application was in these words: "That he [defendants' attorney] is attorney for and hereby appears for defendants in the above entitled *matter*." (Italics supplied.) The last clause of said application is "and the defendants have appeared and do hereby appear for the purpose of obtaining

an order for the taking of said deposition." It is evident that an attempt at least was made to limit the appearance of defendants to the procurement of an order to take the deposition of the plaintiff and to inspect said contract. It is further averred in said affidavit or application "That it is necessary to inspect the said contract *prior to the filing of an answer* and defendants desire to take the deposition of the plaintiff *prior to filing said answer.*" (Italics supplied.) The taking of said deposition was noticed for April 27, 1926. A *subpoena duces tecum* was issued and had been served on the plaintiff commanding him to be present and produce said contract on the day last above named. Upon the coming of said day, the attorney for plaintiff telephoned a request to the attorney for defendants, that the taking of said deposition be continued to April 29, 1926. The request was granted. On the day following the granting of the continuance, to wit, April 28th, the plaintiff appeared in the superior court without a suggestion being made to the attorney for the defendants that he intended to do so, and without any knowledge on defendants' part as to his intention, and procured a judgment in the sum of ten thousand three hundred dollars, together with interest and costs, to be entered against defendants. Upon the arrival of the day to which the taking of the deposition was continued, to wit, April 29, 1926, the following passed between the attorney for defendants and the attorney for plaintiff:

Mr. Peterson: "At this time, Mr. Rich, will you stipulate that the deposition may be taken at this time instead of the time stated in the notice, which time was extended at your request out of courtesy?"

Mr. Rich: "I so stipulate."

The plaintiff's conduct when giving his deposition was unusually contumacious. He refused to answer many pertinent questions propounded to him by opposing counsel, placing his refusal in some instances upon the advice given by his counsel not to answer certain questions. The latter's conduct was not free from censure in the conduct of the examination. Plaintiff's testimony as to the possession of the contract which he was commanded to produce, but which he did not produce, was evasive. An order to show cause why plaintiff should not be required to produce said contract and answer certain specific questions or be punished

for contempt of court and pay defendants' damages as provided by law, was issued and served upon said plaintiff. He failed to appear on the day fixed by said order and an attachment and bench warrant were placed in the hands of the sheriff of the county of Los Angeles, but he was not served for the reason that he could not be found by the sheriff. Plaintiff's attorney did not at any time during the proceedings make known to defendants' attorney the fact that a default judgment had been entered against his clients, although he came in personal contact with him on numerous occasions during the development of said proceedings as herein outlined.

The earliest day that defendants or their attorney actually knew or learned that the foreclosure decree of April 28, 1926, had been entered against them, was June 4, 1926, whereupon defendants gave notice that on June 15, 1926, they would move the court to set aside said default and vacate the judgment entered thereon upon the grounds that said default was entered through mistake, inadvertence, and excusable neglect of their said attorney. The attorney for the moving defendants presented an affidavit in support of his motion, none of the averments of which was disputed by counter-affidavit, setting out the facts herein recited. The defendants, in addition to averring the things and matters heretofore set out, which were averred as indicative of a course of bad faith on the part of plaintiff's counsel, further averred that "the said D. Chase Rich by trick and device as more fully appears from this affidavit, caused this affiant to extend the courtesy of continuing the taking of said deposition until after the said D. Chase Rich would have and did enter the default and obtain judgment against the said Frank Schneider and Anna Schneider." Defendants also prepared and appended to the moving papers their proposed answer to the complaint, which unquestionably contained good and sufficient grounds of defense to the complaint if found by the court to be true. The trial court upon a hearing of said motion on its merits set aside the default and vacated the judgment. Upon an inspection of the record presented we are fully satisfied that it could have made no other order. Conceding that the appearance of defendants was general and that it was not limited to the deposition proceeding, it clearly appears from the face of the affidavit for taking the

deposition of plaintiff that the purpose of taking the deposition was to enable the defendants to advisedly *answer* the complaint. Such was the averment of the affidavit and notice upon which the claim of appearance in the action is based. No service of summons or copy of the complaint was made and only upon the force of said affidavit and notice could plaintiff's claim of appearance be predicated. ■ Respondents doubtless were mistaken at the inception of their procedure in believing that inasmuch as no service of summons and copy of the complaint had been made, that their time to answer was extended to such time as they should file their answer or otherwise voluntarily appear in the usual manner. In their erroneous understanding of the matter, they were encouraged and aided by the active participation of appellant who became a party to every step taken by respondents, after he had taken judgment by default and · at no time made any objection to what might ordinarily be regarded as moot proceedings. The failure to disclose his knowledge as to the true situation which he had brought about and his acquiescence in and implied consent to the steps taken by respondents in order to acquire sufficient information to enable them to accomplish an express purpose, to wit, to prepare and file their answer, would of itself furnish grounds of estoppel against the claim that the appearance made under the circumstances related should deprive the respondents of their right to answer. The participation of the appellant in said proceedings in a manner which could have had no other effect than to mislead the respondents is a sufficient reason to support the order of the trial court in setting aside the default and vacating the judgment entered thereon. The appearance of the respondents based upon the affidavit and notice aforesaid will, in the interests of justice, be given the construction which the conduct of appellant consistently throughout the proceedings justified. The appearance, therefore, now insisted upon, cannot be deemed, in this case, good cause for denying the motion which was seasonably made in the circumstances herein set forth.

■ "The authority of the superior court to set aside a default, or relieve a party from any proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, is given by section 473 of the Code of Civil Proce-

dure; and that the exercise of this authority is confided to the discretion of the court, and will not be disturbed upon appeal therefrom, unless such discretion shall plainly appear to have been abused, has been so frequently affirmed in this court that a reference to a few of the cases will be sufficient. (*Winchester* v. *Black,* 134 Cal. 125 [66 Pac. 197].)

It would have been our plain duty to reverse this case, had the trial court not exercised its discretion as it did. After having done so upon the facts as herein recited, there was not the remotest possibility of a reversal of the order made setting aside the default and vacating the judgment. Nevertheless the plaintiff has persisted in taking this appeal, thereby causing unwarranted delay and incurring expense to respondents. The appeal being wholly without merit, we deem it proper in affirming the order to also impose a penalty for damages against appellant for taking a frivolous appeal. The order appealed from is affirmed with damages in the sum of one hundred dollars.

Curtis, J., and Preston, J., concurred.