[Civ. No. 6668.   Second Appellate District, Division One.—August 27, 1929.]

E. W. KNOX, Petitioner, v. SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

William Ellis Lady for Petitioner.

Winterer, Combs & Ritchie and L. S. B. Ritchie for Respondents.

HOUSER, J.—So far as this proceeding is concerned, the essential facts are that in an action instituted by petitioner Knox in the Superior Court of the County of Riverside (No. 17914 of the files of said court) against one Wyman and Title Guarantee and Trust Company, a corporation, each of said defendants failed to answer the complaint therein, and the default of each of them was regularly taken and judgment entered. About five months later, under the provisions of section 473 of the Code of Civil Procedure, Title Guarantee and Trust Company, a corporation, *as trustee*, and one Aamoth, individually (the latter of whom claiming as assignee of the rights of defendant Wyman in the subject matter of the action), served the plaintiff in said action with a notice that on a specified date, which was more than six months after the default in the action had been taken, they would move the trial court to vacate the default and the judgment entered in the action. On stipulation of the parties, several continuances of the hearing of the motion were ordered by the trial court; but the motion was finally granted. Thereupon, as against Title Guarantee and Trust Company, a corporation, *as trustee*, and Aamoth, individually, the plaintiff filed an amended complaint in the action, wherein, in addition to the original cause of action, he set up a second count. Later, plaintiff moved the trial court to vacate its former order by which the default of the original defendants was vacated—which motion was by the court denied. The substituted defendants then answered the amended complaint and at the same time set up facts from which they demanded affirmative relief. On motion of the plaintiff the cause was then set for trial. Thereafter the plaintiff attempted to file with the clerk of the court a dis-

missal of the action so far as the amended complaint differed from the original complaint as to parties and subject matter. The clerk refused to file said dismissal, but, on request of the plaintiff, permitted it to remain in the office of the clerk. In view of such facts, petitioner here seeks a peremptory writ of prohibition in the action pending in the lower court by which said court shall be restrained from proceeding to a trial thereof, or from taking or permitting further or other proceedings therein.

In the case of *Title Insurance & Trust Co.* v. *King L. & I. Co.,* 162 Cal. 44 [120 Pac. 1066], it is held that where more than six months have elapsed after a default has been regularly taken the trial court is without jurisdiction either to vacate such default or the ensuing judgment. To the same effect are *Wheelock* v. *Superior Court,* 67 Cal. App. 601 [227 Pac. 931], and *Colthurst* v. *Harris,* 97 Cal. App. 430 [275 Pac. 868], where other authorities are cited.

Respondents suggest that by the conduct of the plaintiff in the action in the lower court after the order by which default and judgment was vacated, whereby he amended his complaint and caused the action to be set for trial, he is estopped from now raising the question of jurisdiction of the trial court to proceed in the matter. No authorities sustaining such position are cited by respondents; nor has this court been able to discover a principle of equity, or, more particularly, a principle governing the doctrine of estoppel, by which the plaintiff may be deprived of the remedy afforded him by law. It is manifest that whatever may be the legal situation which arose from the order of the trial court in vacating the default and the judgment in the action, plaintiff had the right to protect his interests in any and every legal manner prescribed by the statutes and the practice of the courts. Nor is it apparent in what manner any legal injury has been suffered by the respondents, or the defendants in the action, or either of them, by reason of the aforesaid acts of plaintiff of which complaint is made. In order that the doctrine of estoppel may operate, it is at least essential that the person claiming the benefits must have been misled to his detriment by the conduct of the opposing party.

Respondents also urge that because the plaintiff has the right of appeal from any judgment which may be rendered against him in the action, by the terms of section 1103 of the Code of Civil Procedure he is not entitled to a writ of prohibition in the premises. Although, strictly speaking, such position may be correct, since the identical question which would be presented on appeal has been fully presented to and considered by this court in this proceeding, in the interests of efficiency and the saving of expense and inconvenience to the litigants, it may as well be answered in this proceeding as later on appeal. As was said by the Supreme Court in the case of *Davis* v. *Superior Court,* 184 Cal. 691, 696 [195 Pac. 390], where a similar situation was present: " . . . While the existence of the right of appeal at that time might have been a sufficient reason for that court to have then refused to entertain the petition (*Glougie* v. *Superior Court,* 169 Cal. 675 [147 Pac. 972]), yet, in view of the fact that the superior court was then, and ever since has been, without power or jurisdiction to proceed further in the action, as we have shown, but nevertheless proposes to do so, and that further proceedings of any kind, except to again dismiss the action, would be void, we are disposed to grant the writ, rather than put the parties to further vexation and useless expense by further attempts to prosecute it. The question is largely one of discretion, and we deem it the better policy to terminate the proceedings forthwith." (See, also, *Col* v. *Superior Court,* 196 Cal. 604, 621, 622 [239 Pac. 926].)

It is ordered that the respondents and each of them be and they are restrained and prohibited from any and all further proceedings in the action to which reference has been had herein.

Conrey, P. J., and York, J., concurred.