[Civ. No. 7238. First Appellate District, Division One.—April 12, 1930.]

R. G. JOHNSTON, Respondent, v. JULIUS LIFFMAN, Appellant.

H. L. Sacks for Appellant.

Goudge, Robinson & Hughes and Francis W. Read for Respondent.

TYLER, P. J.—Appeal from an order vacating an order and judgment dismissing an action for want of prosecution.

Plaintiff, respondent herein, commenced an action on a certain trade acceptance. After the taking of depositions, the case was set for trial on June 24, 1927, and was at that time partially tried. The cause was then continued until July 28, following. Plaintiff failed to appear at this time and because of such failure the action was dismissed without prejudice. Immediately thereafter, on August 1,

1927, respondent's attorneys served upon the attorney for the appellant a notice of motion to vacate the judgment of dismissal above referred to on the grounds of surprise, inadvertence and excusable neglect. The notice of motion was based upon certain affidavits. These affidavits showed that the failure of respondent to appear at the time set for the hearing was due to confusion in telephone messages concerning the hearing. The affidavits set forth that one of the attorneys for respondent received a telephone call, presumably from the clerk of the court, on July 27, 1927, informing him that the case would be called the following day, at the hour of 2 o'clock P. M. instead of 10 A. M., as originally set, and that in the event plaintiff was not ready to proceed, to advise the attorneys for the defendant. On the same day the stenographer, employed by respondent, received a similar communication. It further appeared that respondent desired to file an amendment and supplement to his complaint and had served a notice of motion that the same be heard at 2 o'clock P. M. on the 28th day of July, 1927, believing that, pursuant to the telephone calls heretofore mentioned, the case would be called at that time. There was also a showing made of the merits of respondent's case, and of injury by the dismissal, justifying the granting of relief. Counter-affidavits were filed by the clerk of the court and appellant's attorney. After the court had considered the affidavits, an order was made vacating the dismissal and setting the case for completion of trial. The order was conditioned upon the payment by respondent of the sum of twenty-five dollars for the benefit of appellant. It is from the order mentioned that this appeal is taken by defendant.

■ Applications for relief in cases of this character are addressed to the sound discretion of the trial court. In the absence of a showing of abuse in the exercise of such discretion, the order of the lower court setting aside a default will not be disturbed on appeal. ■ Respondent made a sufficient showing for the relief prayed for and also of the merits of his case and of injury by the dismissal to justify the court's order granting him relief.

The law governing this class of cases is so well settled and has been so often declared in the decisions of our ap-

pellate courts that no further comment is necessary. (*Rogers* v. *Schneider,* 205 Cal. 202 [270 Pac. 451].);
The order is affirmed.

Knight, J., and Cashin, J., concurred.