[Civ. No. 3393.   Fourth Dist.   June 17, 1946.]

## C. C. PEASE, Appellant, v. CITY OF SAN DIEGO, Respondent.

C. C. Pease, in pro. per., for Appellant.

J. F. DuPaul, City Attorney, Thomas J. Fanning, Deputy City Attorney, and Shelley J. Higgins for Respondent.

BARNARD, P. J.—This is an appeal from an order setting aside a default judgment.

The plaintiff, who is an attorney at law, brought this action on October 1, 1941, to quiet his title to a certain lot in San Diego, but summons was not served on the city for nearly three years.  On August 8, 1944, the city filed another action naming this plaintiff as a defendant, seeking to quiet its title

to the same lot. On September 19, 1944, this plaintiff filed an answer in that action and also served the city of San Diego with summons in the instant action. However, that summons was not returned to the court until October 17, 1944, more than three years after the commencement of this action.

On October 13, 1944, the city moved to dismiss this action on the ground that summons had not been returned within three years. On November 20, 1944, the court denied this motion, on the ground that by so moving the city had made a general appearance, and gave the city thirty days in which to "file any further proceedings." On December 11, 1944, the city filed in this court a petition for a writ of prohibition, based on the contention that the superior court had lost jurisdiction to proceed with this case since summons had not been returned within three years. That petition was denied on December 19, 1944. The city then filed a petition for hearing in the Supreme Court, which was denied on February 15, 1945. In the meantime, and on December 21, 1944, on application of the plaintiff, the clerk of the trial court had entered the default of the city.

On February 26, 1945, the city served on the plaintiff and filed in the clerk's office a notice of motion to set aside its default, together with its proposed answer, noticing the matter for hearing on March 5, 1945. On March 2, 1945, the plaintiff filed an application for entry of a judgment based upon the default of the city with an affidavit stating, among other things, that the city had intentionally avoided filing a demurrer or answer by taking proceedings in the appellate courts, and that its failure to demur or answer had been willful and deliberate. On the same day, the court entered a judgment quieting title to this lot in the plaintiff as against any and all claims of the city of San Diego.

On March 12, 1945, the city's motion to set aside its default came on for hearing and, apparently, a motion to set aside the judgment was also heard. On March 13, 1945, the court entered an order granting the motions, but reserving for future consideration the question raised as to the jurisdiction of the court to proceed with the action. The order further vacated and set aside the default of the city and the judgment which had been entered in favor of the plaintiff; ordered the city's answer filed; and ordered this action consolidated with the action filed on August 8, 1944. From this order the plaintiff has appealed.

Disregarding immaterial matters, the appellant contends that there was an entire failure to show anything which constitutes mistake, inadvertence, surprise or excusable neglect, within the meaning of section 473, Code of Civil Procedure, and that the court exceeded its jurisdiction in setting aside this judgment and permitting an answer to be filed.

█ An application for such relief is directed to the sound discretion of the trial court and an order granting it will not be reversed on appeal unless it clearly appears that such discretion has been abused. (*Rogers* v. *Schneider*, 205 Cal. 202 [270 P. 451].) █ That there was neglect here may be assumed, but it does not necessarily follow that such neglect was entirely inexcusable. The city proceeded with diligence, both in the trial and appellate courts, to press its claim that it was entitled to have the action dismissed. Good reason appears for the delay in answering although, technically, proper steps may not have been taken to safeguard that result. The appellant not only participated in the other proceedings but gave no notice of his intention to require a prompt answer or demurrer. He says himself that he made a verbal extension of time, in the hope of a compromise, but he does not state the extent thereof. The appellant was an attorney at law and a member of the San Diego Bar Association. One of the rules of that association, to which each member was required to subscribe, provided that no member would take a default against another member "except after notice of intention to do so." It appears that this provision was relied on by the attorneys for the respondent, together with the fact that another action was pending and at issue involving the same matters as those involved in this action. In fact, the appellant had asked that the pleadings in this action should be considered in the other action and, in effect, that the issues of the two actions should be heard together.

It further appears that the default judgment as entered improperly exceeded the relief prayed for in the complaint. In the complaint it was alleged that the city had certain interests in or liens on the property in question through tax assessments and special assessments, although it was alleged that some of these were illegal and that, under a certain compromise and settlement which had been put through, the amounts of certain liens were larger than they should be. It was prayed that the court decree that the city had no interest

in the property save and except a lien for such sum as should be determined to be the correct amount due on account of unpaid taxes and special assessments. It was further prayed that the plaintiff be authorized to redeem the property on paying "the true and proper amounts" thus found by the court. In effect, the plaintiff admitted that something was due in this regard, asked that the correct amount be determined, and offered to pay the same. The judgment which was entered quieted title to the property in the appellant and enjoined the respondent from asserting any claims with respect to it. It is apparent from the record that the issues raised by the complaint were never heard, upon the evidence required, and that no attempt was made to determine the amount justly owed by the appellant.

It cannot be held, under the circumstances here appearing, that the court abused its discretion in setting aside this judgment, with its obvious effect on the other action pending, and permitting the entire controversy to be tried on its merits.

The order appealed from is affirmed.

Griffin, J., concurred.

A petition for a rehearing was denied July 10, 1946.