[Civ. No. 7006.   Fourth Dist.   Dec. 19, 1962.]

ARTA KESSLER, Plaintiff and Respondent, v. DANIEL
HAY, Defendant and Appellant.

Hagenbaugh, Murphy & Meifert, Arthur W. Meifert and John G. Davies for Defendant and Appellant.

Rosen & Kuehn and Stanley L. Rosen for Plaintiff and Respondent.

GRIFFIN, P. J.—This is an appeal from an order refusing to set aside a default entered against appellant Daniel Hay.

## FACTS

On April 8, 1959, plaintiff and respondent Arta Kessler was injured while passing through the doorway of a Thriftimart store. On April 7, 1960, she sued Thriftimart, Inc., Wagner Construction Company (which is alleged to have built the building) and Daniel Hay (who is alleged to have supplied, installed and maintained the door). On June 13, 1960, Thriftimart was served with a complaint and on June 22, 1960, its answer was filed. On August 18, 1960, Wagner Construction Company was served and on September 14, 1960, it filed its answer. On August 19, 1960, Daniel Hay was served with complaint and summons. He sent the documents to his insurance agent, who forwarded them to his insurance carrier, Security-Founders Insurance Company. There the documents were misfiled. On October 6, 1960, plaintiff entered a default against Daniel Hay. On April 20, 1961, the claims manager of Security-Founders Insurance Company found the misplaced documents. On April 21, 1961, the claims manager had the superior court file checked to see if default had been entered. On April 22, the claims manager personally delivered the documents to the insurer's counsel for the purpose of having the default set aside. On May 1, 1961, counsel for Security-Founders Insurance Company requested that plaintiff's counsel stipulate that the default be set aside. On May 25, 1961, plaintiff's counsel advised that he could not so stipulate because his client would not agree to the stipulation. On May 26, June 8 and June 23, 1961, letters were sent by defense counsel to Security-Founders Insurance Company asking for further instructions. On June 29, 1961, counsel were instructed to forward the file to another law firm which would handle

the matter for the insurance company. On June 6, 1961, plaintiff's counsel sent appellant's counsel a letter stating that he would not proceed to a default hearing until the hearing on the motion to set aside the default was heard. About June 30, 1961, a law firm was retained to act for appellant and the insurance company. Further negotiations with plaintiff's attorney were unsuccessful and on August 21, 1961, more than six months from the date of entry of default (10 months and 15 days), a notice of motion to set aside the default was filed. This motion was heard on September 1, 1961, and on September 14 a minute order was filed denying the motion. A formal order was entered on October 23, 1961. This appeal was taken from that order.

It is appellant's contention that a party against whom a default has been entered may seek to have the default set aside even though such relief is sought more than six months after entry of said default; that equity will relieve an injured party from the effect of a judgment procured by extrinsic fraud, mistake or excusable neglect which was not the result of negligence or laches on the part of the moving party. (Citing such authority as *Bacon* v. *Bacon*, 150 Cal. 477 [89 P. 317]; *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Hallett* v. *Slaughter*, 22 Cal.2d 552 [140 P.2d 3]; *Winslow* v. *McCarty*, 39 Cal.App. 337 [178 P. 720]; *Soule* v. *Bacon*, 150 Cal. 495 [89 P. 324]; *Hill* v. *Johnson*, 194 Cal. App.2d 779 [15 Cal.Rptr. 236]; *Turner* v. *Allen*, 189 Cal.App. 2d 753 [11 Cal.Rptr. 630]; *Hinz* v. *Northland Milk & Ice Cream Co.*, 237 Minn. 28 [53 N.W.2d 454].)

[■■] The first question presented is answered by the time-honored rule that where a decision of the trial court denies appellant's motion to set aside, the default will not be disturbed on appeal unless an abuse of discretion is clearly shown. (*Beard* v. *Beard*, 16 Cal.2d 645 [107 P.2d 385]; *Pease* v. *City of San Diego*, 74 Cal.App.2d 929 [169 P.2d 973].) See other authorities gathered in 29 California Jurisprudence 2d section 151, page 95. The burden of showing such abuse of discretion is on the appellant. (*Yarbrough* v. *Yarbrough*, 144 Cal.App. 2d 610 [301 P.2d 426].) While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. (*Ingrim* v. *Epperson*, 137 Cal. 370 [70 P. 165].)

[■] From the facts set forth in the affidavits presented to the trial court, it does not appear that respondent or her

attorney was at fault in entering the default when they did. Appellant was duly served and return was made thereon. He must have observed the complaint and summons and time limit set forth in which to appear. He forwarded them to his insurance *agent,* who processed them and sent them to appellant's *insurance carrier* for attention. The clerk there placed the complaint in a file and did nothing further about it and did not call them to the attention of the claims agent. It was not until April 20, 1961, that the insurance carrier discovered them. Negotiations were instituted to set the default aside by stipulation, which negotiations failed. Appellant was notified of this on June 6, 1961, and it was not until August 21, 1961, that the motion was filed in the action. The clerk in the insurance agent's office averred that she forwarded the forms to the insurance company's office; that in March 1961 she received a call from Mr. Hay concerning the status of the matter and, not knowing any differently, she advised him that the insurance company was handling the matter. A proposed answer was offered for filing with the motion disclaiming any negligence on the part of appellant. There is little if any dispute in the affidavits presented.

In support of the order, respondent cites *Wattson* v. *Dillon,* 6 Cal.2d 33, 34 [56 P.2d 220], which is factually similar, but arising out of an independent equity action by the defaulting defendant to set aside a judgment by default. It was there held that where plaintiffs in such an action sought relief on the ground of mistake, based on their belief that proper disposition had been made of the process served on them, but the only mistake which the evidence indicated was that plaintiffs believed that some appearance would be made in their behalf in the prior action, the burden rested on plaintiffs therein to show that the mistake was not due to their own negligence, and there was not enough in the circumstances of the case to absolve plaintiffs therein from their neglect and lack of vigilance and to warrant the vacation of the prior judgment. It was also there held that a stronger showing is required to justify the annulment of a judgment than is required for the opening of a default as provided by Code of Civil Procedure, section 473, and the grounds upon which a judgment legally entered may be set aside must be of a very substantial character, and in said action, where there was no claim that defendants therein were in any way responsible for plaintiffs' default in the prior action, and no fraud or collusion was chargeable to them, but there was a clear indication of *negli-*

*gence on the part of plaintiffs,* the showing made as to a meritorious defense was not so persuasive as to justify a departure from the basic rules of law and warrant the granting of relief. In *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523 [190 P.2d 593], the Supreme Court held that it was an abuse of discretion of the trial court to set aside a default and default judgment on the showing that the secretary of the corporation inadvertently placed copies of the complaint and summons in its office files instead of forwarding them to its attorney for action. It was there said, at page 525, quoting from *Bonfilio* v. *Ganger,* 60 Cal.App.2d 405, 410 [140 P.2d 861]:

" 'In California, following the general common law rule, to modify or vacate judgments during the term, the power of courts to control their judgments is regulated by statute specifying a time limit and leaving the matter to the discretion of the court in the interest of substantial justice to set aside its judgments.' "

and that courts do not relieve litigants from the effect of mere carelessness.

It is true that it is regrettable that the insurance carrier allowed this to happen. Under the authorities cited, it cannot be said that the trial court abused its discretion in denying the motion to set aside the default. This should determine other issues raised. ■ However, the court may well have found that appellant did not comply with the provisions of Code of Civil Procedure, section 473, which provides that the court may relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect. It must be made within a reasonable time, and in no case exceeding six months, after such judgment, order or proceeding was taken. ■ In *Knox* v. *Superior Court,* 100 Cal.App. 452 [280 P. 375], it was held that where more than six months have elapsed after a default has been regularly taken, the trial court is without jurisdiction either to vacate such default or the ensuing judgment on the ground of mistake, inadvertence or excusable neglect. To the same effect is *Colthurst* v. *Harris,* 97 Cal.App. 430 [275 P. 868]; *Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 P. 1066]; *Wheelock* v. *Superior Court,* 67 Cal.App. 601 [227 P. 931]; *McLain* v. *Llewellyn Iron Works,* 56 Cal.App. 58 [204 P. 869]; *Monica* v. *Oliveira,* 147 Cal.App.2d 275 [305 P.2d 169]; *Solot* v. *Linch,* 46 Cal.2d 99 [292 P.2d 887]; *Schwartz* v. *Smookler,* 202 Cal.App.2d 76 [20 Cal.Rptr. 507].

If, as appellant contends, from the cases of *Olivera* v. *Grace, supra,* 19 Cal.2d 570; *McGuinness* v. *Superior Court,* 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *Estate of Standing,* 99 Cal. App.2d 668 [222 P.2d 465, 223 P.2d 255]; *Smith* v. *Busniewski,* 115 Cal.App.2d 124 [251 P.2d 697]; and *Costa* v. *Traina,* 200 Cal.App.2d 655 [19 Cal.Rptr. 521], there are exceptions to this rule invoking the inherent power of the court in equity to set aside orders procured through fraud, physical or mental incapacity, unconscionable conduct, fraud practiced on the court, and concealment under Code of Civil Procedure, section 473, the facts in the instant case do not bring appellant within the exceptions so as to establish abuse of discretion as a matter of law. See *Wheelock* v. *Superior Court, supra,* 67 Cal.App. 601; *Farber* v. *Bolotnikoff* (1907) 131 Ill. App. 345; *Horwitz* v. *Franklin,* 35 Ohio App. 32 [171 N.E. 415]; *Leslie* v. *Spencer,* 170 Okla. 642 [42 P.2d 119].

Order affirmed.

Shepard, J., and Coughlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 13, 1963.